UNITED STATES of America,
Plaintiff–Appellee,

v.

Wayne Rodney HEIM; Dyan Jones; Steven Robert Britenbach; Dwayne Keith Fitzen, Defendants–Appellants.

Nos. 93–30090 to 93–30092 and 93–30101.

United States Court of Appeals,
Ninth Circuit.

Argued, Submission Deferred Nov. 1, 1993.

Submitted Nov. 15, 1993.

Decided Jan. 24, 1994.

Monte R. Whittier, Whittier, McDougall, Souza, Murray & Clark, Pocatello, ID, for defendant-appellant Dwayne Keith Fitzen.

Steven V. Richert, Green, Service, Gasser & Kerl, Pocatello, ID, for defendant-appellant Wayne Rodney Heim.

Nicholas DePento, San Diego, CA, for defendant-appellant Steven R. Britenbach.

Kelly Kumm, Jones, Chartered, Pocatello, ID, for defendant-appellant Dyan Jones.

Monte J. Stiles, Asst. U.S. Atty., Boise, ID, for plaintiff-appellee.

Before: TANG, FARRIS and RYMER, Circuit Judges.

FARRIS, Circuit Judge:

Wayne Rodney Heim, Dwayne Keith Fitzen, Dyan Jones and Steven R. Britenbach appeal their convictions for conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Britenbach also appeals his convictions on six counts of violating the Travel Act, 18 U.S.C. § 1952. All four defendants appeal their sentences. We have jurisdiction over their appeals pursuant to 28 U.S.C. § 1291. The convictions of all four co-defendants and the sentences of Heim, Fitzen and Jones are affirmed in a

separate unpublished disposition. In this opinion, we affirm Britenbach's sentence.

## I. FACTS

The evidence at trial established that defendants Heim, Fitzen, Jones and Britenbach conspired to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the course of the conspiracy, Fitzen, Heim and Jones resided in Pocatello, Idaho while Britenbach operated in Southern California. Britenbach and, to a lesser extent, co-defendant Mike Luce (who pleaded guilty) supplied cocaine and marijuana to the Pocatello co-conspirators.

The district court sentenced Britenbach as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Section 4B1.1 provides that a defendant is a career offender if

(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The commentary to § 4B1.2 states that the term "controlled substance offense" includes the offense of conspiring to commit a controlled substance offense. U.S.S.G. § 4B1.2 comment. (n. 1).

In finding that Britenbach was a career offender, the district court relied on two prior controlled substance felony convictions (a 1975 conviction for importation of controlled substances and a 1985 conviction for possession of narcotics with the intent to distribute) and the instant conspiracy conviction.

## II. Use of Conspiracy Conviction Toward Career Offender Status

■ Britenbach argues that the United States Sentencing Commission exceeded its statutory authority by including conspiracy

within the definition of a "controlled substance offense." He relies on *United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993) for this proposition. We reject his argument. The Sentencing Commission properly included conspiracy within the definition of "controlled substance offense." [1]

■ We review the legality of a sentence de novo. *United States v. Fine*, 975 F.2d 596, 599 (9th Cir.1992) (en banc). The commentary to § 4B1.1 explains that "28 U.S.C. § 994(h) mandates that the Commission assure that certain 'career' offenders, as defined in the statute, receive a sentence of imprisonment 'at or near the maximum term authorized.' Section 4B1.1 implements this mandate." U.S.S.G. § 4B1.1, comment. (backg'd). The pertinent language in § 994(h) provides that

[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and ... has been convicted of a felony that is ... a crime of violence[,] or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841) ... and ... has previously been convicted of two or more prior felonies, each of which is ... a crime of violence[,] ... or an offense described in section 401 of the Controlled Substances Act....

28 U.S.C. § 994(h). Section 401 of the Controlled Substances Act prohibits substantive controlled substance offenses, but makes no mention of conspiracy. 21 U.S.C. § 841. In *Price*, the court reasoned that "[a] conspiracy to commit a crime involves quite different elements from whatever substantive crime the defendants conspire to commit" and therefore conspiracy to violate the Controlled Substances Act "cannot be said to be one of the offenses 'described in'" § 401 of the Act. *Price*, 990 F.2d at 1369. The court held that

---

1. Other Circuits have accepted the inclusion of conspiracy as a predicate offense under the career offender guidelines. *See United States v. Fiore*, 983 F.2d 1 (1st Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1830, 123 L.Ed.2d 458 (1993); *United States v. Whitaker*, 938 F.2d 1551

(2d Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992); *United States v. Jones*, 898 F.2d 1461 (10th Cir.), *cert. denied*, 498 U.S. 838, 111 S.Ct. 111, 112 L.Ed.2d 81 (1990).

because the Commission had relied on § 994(h) as the enabling statute for adopting §§ 4B1.1 and 4B1.2, the Commission had offered a "legally invalid" reason for including conspiracy within the definition of "controlled substance offense." *Id.* at 1370.

The commentary to § 4B1.1 should be read less restrictively. It indicates that the career offender guidelines were intended to "implement[ ] the mandate" of § 994(h). The language means what it says—the Commission intended to implement the mandate of § 994(h). Nowhere in the commentary to § 4B1.1 does the Commission suggest that it considered § 994(h) to be the sole legal authority for promulgating the career offender guidelines. *Cf. United States v. Parson,* 955 F.2d 858, 866–67 (3d Cir.1992) (holding that definition of "crime of violence" in career offender guidelines is not restricted to definition contained in § 994(h)). Elsewhere in the Guidelines, the Commission has explained that "[t]he guidelines and policy statements promulgated by the Commission are issued pursuant to Section 994(a) of Title 28, United States Code." U.S.S.G., Ch. 1, Part A, § 1. Section 994(a)(2) provides that the Commission shall promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of title 18, United States Code...." 28 U.S.C. § 994(a)(2). Therefore, in deciding to include conspiracy within the definition of "controlled substance offense" for purposes of determining the offense level of career offenders, the Commission was lawfully exercising its authority under § 994(a)(2).[2]

The Commission's decision to go beyond the mandate of § 994(h) is also consistent with the legislative history to § 994(h). The Senate Report made clear that § 994(h) was not intended as a ceiling for establishing career offender guidelines: "[Section 994(h) is] not necessarily intended to be an exhaustive list of types of cases in which the guide-

lines should specify a substantial term of imprisonment, nor of types of cases in which terms at or close to authorized maxima should be specified." S.Rep. No. 98–225, 98th Cong., 1st Sess. 307 (1983), in 1984 U.S.C.C.A.N. 3182, 3359.

We hold that the Sentencing Commission did not exceed its statutory authority in including conspiracy within the definition of "controlled substance offense" in §§ 4B1.1 and 4B1.2.

### III. Inclusion of Britenbach's 1975 Offense

Britenbach also asserts that the district court erred in counting the earlier of his two prior felony convictions (the 1975 conviction for importation of cocaine) toward career offender status.

■ The district court's application of the Sentencing Guidelines is reviewed de novo. *United States v. Fagan,* 996 F.2d 1009, 1017 (9th Cir.1993). Factual findings in the sentencing phase are reviewed for clear error. *United States v. Chapnick,* 963 F.2d 224, 226 (9th Cir.1992).

■ Prior felony convictions can count toward career offender status if they resulted in a prison sentence in excess of one year and one month and if the defendant was incarcerated for that sentence during the 15 year period preceding defendant's involvement in the instant offense. *See* U.S.S.G. §§ 4B1.2 comment. (n. 4), 4A1.2(e)(1).

Britenbach was arrested in New York for importation of controlled substances in 1975. While he was released on bond for that arrest, he was arrested in Mexico on drug charges. He was incarcerated in Mexico until 1978 when he was returned to New York on a prisoner exchange. The New York charges were then resolved by crediting him for time served in Mexico and requiring him to serve the balance of his term in a New York prison until 1980. Britenbach argues that he should not have been attributed ca-

---

2. The *Price* court noted that the Commission "may well be free" to include conspiracy within the definition of controlled substance offense pursuant to the Commission's broad mandate in 28 U.S.C. § 994(a). *Price,* 990 F.2d at 1369.

However, there is no indication that the *Price* court considered the Commission's explanation that the Guidelines were, in fact, promulgated pursuant to the Commission's general authority in § 994(a).

reer offender status because he was unable to resolve the charges from his New York arrest in 1975 (potentially over 15 years before his involvement in the instant conspiracy).

Britenbach's argument lacks merit. Under the Guidelines, a conviction for which a defendant is serving a sentence during the applicable 15 year period counts toward career offender status. The ultimate resolution of the New York charges resulted in Britenbach's serving time in New York from 1978–1980 *and* he was given credit for time served in Mexico. The district court made the factual finding that Britenbach first became involved in the instant conspiracy in January 1991 (11 years after his 1980 release date). Britenbach would have been within the fifteen year statutory range even if he had only served a one year sentence in New York beginning in 1975. The district court properly included the 1975 controlled substance offense as a "prior felony" conviction under § 4B1.1.

### IV. The District Court's Failure to Depart Downward

Britenbach argues that the district court failed to realize that it had the authority to depart downward based on his age and medical condition. The record fails to suggest that the district court was under the impression that it could not depart downward if it chose to do so. A district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. *United States v. Morales,* 972 F.2d 1007, 1011 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1665, 123 L.Ed.2d 283 (1993).

**AFFIRMED.**