UNITED STATES of America, Appellee,

v.

Tomas Rodriguez CONSUEGRA, Appellant.

No. 93–3690.

United States Court of Appeals, Eighth Circuit.

Submitted April 6, 1994.

Decided April 21, 1994.

---

1. The Honorable Elmo B. Hunter, United States District Court Judge for the Western District of Missouri.

Douglas H.R. Olson, Minneapolis, MN, for appellant.

Carol Needles, Minneapolis, MN (David Lillehaug and Carol A. Needles, appear on the brief), for appellee.

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

FAGG, Circuit Judge.

Tomas Rodriguez Consuegra pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court decided Consuegra was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2, because Consuegra had two earlier state-court convictions for selling cocaine. The district court sentenced Consuegra to 188 months in prison. Consuegra appeals his sentence, asserting the Sentencing Commission exceeded its congressional directive in 28 U.S.C. § 994(h) by including convictions for state drug offenses in the earlier convictions counted towards career offender status under U.S.S.G. §§ 4B1.1 and 4B1.2. Consuegra does not assert the Sentencing Commission exceeded its directive by making the career offender guidelines applicable to federal drug conspiracy defendants. Consuegra also does not dispute he meets the career offender criteria listed in § 4B1.1 or the validity of his state-court convictions. We affirm Consuegra's sentence.

In 28 U.S.C. § 994(h), Congress directed the Sentencing Commission to establish guidelines requiring a sentence at or near the statutory maximum for adult defendants convicted of certain felonies, if the defendants have already been convicted of two or more "offense[s] described in" certain federal drug trafficking statutes. *Id.* § 994(h)(2)(B). The Sentencing Commission implemented this mandate in U.S.S.G. § 4B1.1, which assigns generally higher offense levels corresponding to the statutory maximum sentences for certain offenses committed by a "career offender." Section 4B1.1 defines a "career offender" as an adult defendant who "has at least two [earlier] felony convictions of ... a controlled substance offense." Section 4B1.2 defines a "controlled substance offense" as including an offense under a state law prohibiting distribution of a controlled substance.

Consuegra argues the Sentencing Commission exceeded its statutory directive because 28 U.S.C. § 994(h)(2)(B) does not specify any state drug crimes. Consuegra asserts § 994(h) gave the Commission authority to include only the federal drug crimes listed in the statute. The Sentencing Commission acted within its authority, and we must uphold the Commission's interpretation of § 994(h)(2)(B) contained in U.S.S.G. §§ 4B1.1 and 4B1.2, if the Commission's interpretation is "sufficiently reasonable" in light of the congressional directive. *United States v. Marion*, 977 F.2d 1284, 1289 (8th Cir.1992); *United States v. Lee*, 887 F.2d 888, 890 (8th Cir.1989). We review de novo whether the career offender guidelines reasonably comply with 28 U.S.C. § 994(h)(2)(B). *Marion*, 977 F.2d at 1289.

Like every other circuit that has considered the issue, we conclude § 994(h)(2)(B) allows the Sentencing Commission to count earlier state drug convictions towards career offender status. *See United States v. Beasley*, 12 F.3d 280, 282–84 (1st Cir.1993); *United States v. Rivera*, 996 F.2d 993, 994–96 (9th Cir.1993); *United States v. Whyte*, 892 F.2d 1170, 1174 (3d Cir.1989), *cert. denied*, 494 U.S. 1070, 110 S.Ct. 1793, 108 L.Ed.2d 794

790

(1990). Although 28 U.S.C. § 994(h)(2)(B) refers to specific federal drug trafficking statutes and does not refer to state drug trafficking statutes, either specifically or generally, the subsection directs the Sentencing Commission to ensure maximum sentences for defendants already convicted of at least two "offense[s] described in" the listed statutes, not "convicted under" the listed statutes. *See Whyte*, 892 F.2d at 1174. Thus, the language of § 994(h)(2)(B) encompasses earlier convictions for state-law offenses involving the same drug trafficking activities as the specified federal statutes. *Beasley*, 12 F.3d at 283. Put another way, § 994(h)(2)(B) covers drug trafficking conduct that could have been charged under the specified federal laws, but instead, was charged under state law. *See Whyte*, 892 F.2d at 1174.

The purpose of § 994(h) supports this reading. In enacting § 994(h), Congress sought to ensure that repeat drug traffickers would receive substantial prison terms. S.Rep. No. 225, 98th Cong., 2d Sess. 175 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3358. If § 994(h)(2)(B) is read as including repeat drug traffickers previously convicted under federal but not state law, this objective would be frustrated and an illogical disparity in the sentencing treatment of repeat drug traffickers would be created. *See Beasley*, 12 F.3d at 283. The legislative history also supports the Commission's interpretation. The Senate Report indicates § 994(h) was "not necessarily intended to be an exhaustive list of types of cases in which the guidelines should specify a substantial term of imprisonment, nor of types of cases in which terms at or close to authorized maxima should be specified." S.Rep. No. 225, 98th Cong., 2d Sess. 176 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3359.

Consuegra points out that Congress expressly used the term "state law" when amending 21 U.S.C. § 841(b) to make sentence enhancements for earlier drug convictions applicable to state law convictions. That statute's pre-amendment language was different from § 994(h), however. *Beasley*, 12 F.3d at 284; *see* 21 U.S.C. § 841(b)(1)(A) (1981) (amended 1984) (providing sentence enhancement for defendant already convicted of "an offense punishable under [§ 841], or for a felony under any other ... [narcotics]

law of the United States"). Finally, Consuegra argues the "rule of lenity" requires us to construe § 994(h)'s ambiguity to yield the shorter sentence. This argument is misplaced. *See Rivera*, 996 F.2d at 996–97.

We conclude § 994(h)(2)(B) authorizes the Sentencing Commission to define a career offender as a person with earlier state-law convictions for conduct that could have been charged under the listed federal statutes. This interpretation is supported by the statute's language, purpose, and legislative history, and the federal sentencing laws' goal of sentencing uniformity. We certainly cannot say a contrary interpretation of § 994(h)(2)(B) is so clear that the Sentencing Commission was not sufficiently reasonable in its interpretation. The Sentencing Commission thus did not exceed its congressional directive by including state drug crimes in its definition of controlled substance offenses for which earlier convictions are counted towards career offender status. *Beasley*, 12 F.3d at 284.

Accordingly, we affirm Consuegra's sentence.