**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Maria MENDOZA–FIGUEROA,
Defendant–Appellant.**

**No. 93–2867.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1993.

Decided June 27, 1994.

Rehearing and Suggestion for Rehearing En Banc Granted; Opinion and Judgment Vacated Sept. 2, 1994.

James M. Kelley, Lincoln, NE, argued, for appellant.

Janice Marie Lipovsky, Lincoln, NE, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON *, Senior Circuit Judge, and BARTLETT **, District Judge.

JOHN R. GIBSON, Senior Circuit Judge.

■ Jose Maria Mendoza–Figueroa appeals the district court's sentencing of him as a career offender under section 4B1.1 of the United States Sentencing Guidelines. We conclude that the Sentencing Commission extended the definition of a career offender in promulgating sections 4B1.1 and 4B1.2 to include conspiracy. In doing so, the Commission exceeded the statutory underpinnings of the career offender provisions. *See* 28 U.S.C. § 994(h) (1988). We reverse.

■ Mendoza–Figueroa pleaded guilty to conspiring to distribute marijuana, 21 U.S.C.

---

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri, sitting by designation.

§§ 841(a)(1) and 846 (1988), and to transferring money obtained pursuant to the conspiracy, 18 U.S.C. § 1956(a)(1)(A)(i) (1988). Mendoza–Figueroa's criminal history included two felony convictions for distribution of controlled substances. Based on these facts, the district court determined that he met the criteria for a career offender. *See* U.S.S.G. §§ 4B1.1 & 4B1.2. After making the resulting adjustments to Mendoza–Figueroa's offense level and criminal history category, the court sentenced him to two concurrent terms of 236 months, followed by five years of supervised release. We review the district court's application of the sentencing guidelines de novo. *United States v. Casares–Cardenas*, 14 F.3d 1283, 1288 (8th Cir.1994).

Section 4B1.1 contains three requirements for sentencing a defendant as a career offender:

> (1) the defendant was at least eighteen years old ..., (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. "Controlled substance offense," as defined by section 4B1.2, includes state or federal offenses involving "the manufacture, import, export, distribution, or dispensing of a controlled substance" or the possession with intent to do any of the above. Critical for our purposes is Application Note 1 to section 4B1.2 which states that "aiding and abetting, *conspiring,* and attempting to commit such offenses" are controlled substance offenses. (Emphasis added).

Mendoza–Figueroa clearly meets the enumerated criteria for career offender status. The question before this court is whether the Sentencing Commission exceeded its mandate by including conspiracy in its definition of career offender in Application Note 1.

The career offender provisions of section 4B1.1 originated in 28 U.S.C. § 994(h). Congress provided in section 994(h) that the Commission "shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term" when a defendant over eighteen years old commits a third crime of violence or listed controlled substance violation. *Id.* The specifically listed controlled substance violations, however, do not include conspiracy, 21 U.S.C. § 846.

The government contends that because section 846 provides that those conspiring to commit an offense "shall be subject to the same penalties as those prescribed for the offense," Mendoza–Figueroa should be treated as if he violated 21 U.S.C. § 841, which is among the enumerated offenses in section 994(h). Mendoza–Figueroa argues that the omission of section 846 represents a deliberate congressional choice that should not be disregarded.

Despite their similarity, a substantive criminal offense and a conspiracy to commit the same offense are distinct crimes with different elements. The government's sweeping interpretation of "same penalties" would require that we read all statutory references to the underlying offense, for purposes of sentencing, as if conspiracy to commit the offense were included as well. We are convinced that if Congress wanted to include conspiracy in section 994(h), it could easily have done so. It did not, and we reject the government's invitation to insert it through judicial fiat.

The government also contends that nothing in section 994(h) prevents the Sentencing Commission from extending career offender status to include conspiracy to commit one of the offenses enumerated in section 994(h).

■ We recognize that Congress gave the Commission broad authority to promulgate sentencing guidelines. *See* 28 U.S.C. § 994(a); *Mistretta v. United States*, 488 U.S. 361, 377, 109 S.Ct. 647, 657, 102 L.Ed.2d 714 (1989). The Commission, however, was explicit that Chapter 4, part B implements the section 994(h) mandate that "the Commission assure that certain 'career' offenders, *as defined by the statute,* receive a sentence of imprisonment, 'at or near the maximum term authorized.'" U.S.S.G. § 4B1.1, cmt., bkgd. (emphasis added). There is no indication that the Commission intended to rely on its discretionary authority under section 994(a) to extend the section 994(h) mandate. Rather, it is evident that the Commission

simply exceeded the language of section 994(h). Where an agency action is based on an erroneous view of the law, the action cannot stand. *See SEC v. Chenery Corp.,* 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943); *Collins v. SEC,* 532 F.2d 584, 588 (8th Cir.1976).

Our analysis comports with the D.C. Circuit's reasoning in *United States v. Price,* 990 F.2d 1367, 1369–70 (D.C.Cir.1993). On facts virtually identical to those before us, the court stated that the commentary to section 4B1.1 demonstrates that the Commission sought only to implement the mandate of section 994(h). *Id.* at 1369. "If the Commission intended Ch. 4, part B to rest as well on its discretionary authority under section 994(a), it certainly did not say so." *Id.* Thus, the court concluded that "[b]ecause we find its stated basis—§ 994(h)—inadequate for Application Note 1's inclusion of conspiracies, Note 1 cannot support [the defendant's] sentence as a career offender." *Id.*

We recognize that at least one circuit has specifically rejected the reasoning of *Price.*[1] *See United States v. Heim,* 15 F.3d 830 (9th Cir.1994). The Ninth Circuit stated that although the Commission admittedly sought to "implement[ ] the mandate of § 994(h)," it never stated that "it considered § 994(h) to be the sole legal authority for promulgating the career offender guidelines." *Id.* at 832. From this, the court concluded that "the Commission was lawfully exercising its authority under § 994(a)(2)." *Id.* We have considered this approach, but believe it would be inappropriate to assume the Commission relied on a possible unstated statutory basis (section 994(a)), however valid, where it expressly relied on an inadequate basis (section 994(h)). *See Mayo v. Schiltgen,* 921 F.2d 177, 179 (8th Cir.1990) ("reviewing court may not uphold an agency decision based on reasons not articulated by the agency itself"); *Chenery,* 318 U.S. at 88, 63 S.Ct. at 459 (judicial decision making not

appropriate where agency action is "valid only as a determination of policy or judgment which the agency alone is authorized to make").

Accordingly, the district court erred in sentencing Mendoza–Figueroa as a career offender. We vacate the sentence and remand to the district court for resentencing.

BARTLETT, District Judge, dissenting.

Section 994(h) does not define the only crimes that may be included by the Sentencing Commission in the determination of career offender status under the guidelines; it merely states that the enumerated crimes *must* be included. *United States v. Baker,* 16 F.3d 854, 857 (8th Cir.1994); *United States v. Heim,* 15 F.3d 830, 832 (9th Cir. 1994); *See* S.Rep. No. 225, 98th Cong., 2nd Sess. 176 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3359. Thus, as the result of the Commission's broad mandate under section 994(a) to establish sentencing guidelines, the Commission has the authority to include in section 4B1.1 offenses, such as conspiracy, that are not found in section 994(h). *See Baker,* 16 F.3d at 857; *United States v. Price,* 990 F.2d 1367, 1369 (D.C.Cir. 1993).

However, because the Commission expressly stated that section 4B1.1 was designed to implement the mandate of section 994(h), but did not expressly state that section 4B1.1 was also promulgated pursuant to the authority found in section 994(a), the majority concludes that the Commission intended to implement only the mandate of section 994(h) when it adopted section 4B1.1. Because section 994(h) does not include conspiracy, the majority determines that the Commission erroneously included conspiracy in section 4B1.1. I disagree with the majority's reasoning.

As explained by the Ninth Circuit Court of Appeals in *Heim,* the Commission's state-

---

1. We are aware that a panel of this court has expressed its "doubts" about *Price. United States v. Baker,* 16 F.3d 854, 857 (8th Cir.1994). We deal with conspiracy, whereas *Baker* involved the use of property to possess or distribute controlled substances. *Baker* did not rest its holding on its doubts about *Price,* but went on to decide that if

the use of property was to possess rather than distribute controlled substances, it would not support the increased sentence. Accordingly, *Baker* remanded for resentencing based on a finding of either possession or distribution in the use of the property. This is not the issue before us, and *Baker* does not control our decision.

ment in section 4B1.1 that the career offender guidelines were intended to implement the mandate of section 994(h) "means what it says—the Commission intended to implement the mandate of § 994(h)." 15 F.3d at 832. However, there is no indication that the Commission, in promulgating section 4B1.1, intended only to implement section 994(h) and not to accomplish any other legitimate sentencing purpose. In other words, by stating its desire to implement the mandate of section 994(h), the Commission did not suggest that it considered section 994(h) to be the *only* authority for adopting the career offender guidelines. *Heim,* 15 F.3d at 832. The "Commission has generally declared that its Guidelines are issued pursuant to its broad authority under section 994(a)." *Baker,* 16 F.3d at 857; *see* U.S.S.G. Ch. 1, Part A, § 1.

The Commission is not required to state *within each guideline* its authority for promulgating that guideline or all sources of its authority to promulgate that guideline. Here, the Commission had authority to promulgate 4B1.1 based on section 994(a), and has stated generally that the guidelines are issued pursuant to section 994(a). That the Commission also found authority in section 994(h) does not restrict its authority under section 994(a) to include in the determination of career offender status offenses beyond those enumerated in section 994(h). Accordingly, I agree with the panel of this court in *Baker* that had "serious doubts" about the conclusion that the only purpose of the career offender guidelines was to implement section 994(h). 16 F.3d at 857.

In 21 U.S.C. § 846 (1988), Congress directed that "[a]ny person who ... conspires to commit any [drug] offense ... shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy." Therefore, the Sentencing Commission reasonably included conspiracy to commit the offenses referred to in section 994(h) as predicate offenses for determining career offender status under section 4B1.1.

For these reasons, I conclude that the Commission properly extended career offender status to include conspiracy to commit

one of the offenses enumerated in § 994(h) and thus the district court did not err in sentencing Mendoza–Figueroa as a career offender. I respectfully dissent.