**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Maria MENDOZA–FIGUEROA,
Defendant–Appellant.**

No. 93–2867.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 6, 1994.

Decided Sept. 7, 1995.

James Kelley of Lincoln, NE, argued, for appellant.

David S. Kris, Dept. of Justice, Washington, DC, argued (Janice Lipovsky, Asst. U.S. Atty., Lincoln, NE, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges, en banc.

LOKEN, Circuit Judge.

After Jose Maria Mendoza–Figueroa pleaded guilty to conspiracy to distribute marijuana, the district court[1] sentenced him as a career offender under U.S.S.G. § 4B1.1 because of his two prior drug convictions. Mendoza–Figueroa appealed the resulting 236–month sentence. A divided panel of this circuit reversed, agreeing with *United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993), that the Sentencing Commission "exceeded the statutory underpinnings of the career offender provisions" by including drug conspiracy offenses in its definition of offenses that qualify a defendant for the career offender enhancement. *United States v. Mendoza–Figueroa*, 28 F.3d 766 (8th Cir.1994). We granted rehearing en banc because the panel opinion appeared to conflict with *United States v. Baker*, 16 F.3d 854 (8th Cir.1994), and with most other circuits that have considered this issue.[2] Agreeing with the majority of other circuits, we now affirm.

The district court's finding that Mendoza–Figueroa is a career offender has direct support in the Guidelines and interpretive commentary. The operative guideline is § 4B1.1:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) *the instant offense of conviction is a felony that is* either a crime of violence or *a controlled substance offense*, and (3) the defendant has at least two prior convictions of either a crime of violence or a controlled substance offense.

(Emphasis added.) Mendoza–Figueroa is over eighteen years old and has two prior controlled substance convictions; the issue is whether the instant offense, conspiracy to distribute marijuana, is a "controlled substance offense." The underlying offense of distributing marijuana is a "controlled substance offense," as that term is defined in the next guideline, U.S.S.G. § 4B1.2.[3] A conspiracy to commit that controlled substance offense is then added to the definition by means of an interpretive commentary:

The terms "crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses.

§ 4B1.2, comment. (n. 1) (emphasis added). In *Stinson v. United States*, —— U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993), which involved another career offender commentary, the Supreme Court defined the weight we must give the Commission's interpretive commentary: "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."

Every court has agreed that the Commission's extensive statutory authority to fashion appropriate sentencing guidelines includes the discretion to include drug conspiracy offenses in the category of offenses that warrant increased prison terms for career offenders. *See* 28 U.S.C. § 994(a)–(f); *Price*, 990 F.2d at 1369; *Heim*, 15 F.3d at 832; *Allen*, 24 F.3d at 1186–87. *See generally Mistretta v. United States*, 488 U.S. 361,

---

1. The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska.

2. Nine other circuits have rejected *Price*. *See United States v. Piper*, 35 F.3d 611 (1st Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 1118, 130 L.Ed.2d 1082 (1995); *United States v. Jackson*, 60 F.3d 128 (2d Cir.1995); *United States v. Hightower*, 25 F.3d 182 (3d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 370, 130 L.Ed.2d 322 (1994); *United States v. Kennedy*, 32 F.3d 876 (4th Cir. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 939, 130 L.Ed.2d 883 (1995); *United States v. Williams*, 53 F.3d 769 (6th Cir.1995); *United States v. Damerville*, 27 F.3d 254 (7th Cir.) *cert. denied*, —— U.S. ——, 115 S.Ct. 445, 130 L.Ed.2d

355 (1994); *United States v. Heim*, 15 F.3d 830 (9th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994); *United States v. Allen*, 24 F.3d 1180 (10th Cir.), *cert. denied*, 115 S.Ct. 493 (1994); and *United States v. Weir*, 51 F.3d 1031 (11th Cir.1995). *Price* was followed in *United States v. Bellazerius*, 24 F.3d 698 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 375, 130 L.Ed.2d 326 (1994).

3. § 4B1.2(2) provides: "The term 'controlled substance offense' means an offense under a federal or state law prohibiting the ... distribution ... of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to ... distribute...."

375–78, 109 S.Ct. 647, 656–58, 102 L.Ed.2d 714 (1989). Nevertheless, the court in *Price* refused to enforce Note 1 to § 4B1.2. First, it held that the Commission did not base the career offender guidelines on its full statutory authority, relying upon the following background commentary:

> 28 U.S.C. § 994(h) mandates that the Commission assure that certain "career" offenders, as defined in the statute, receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this mandate.

§ 4B1.1, comment. (backg'd). Then, because 28 U.S.C. § 994(h) specifies a limited group of controlled substance offenses for which harsher sentences are mandated, *see* § 994(h)(1)(B), and because drug conspiracy offenses are not included in this statutory listing, the court in *Price* concluded:

> Here, the Commission has acted *explicitly* upon grounds that do not sustain its action. Because we find its stated basis— § 994(h)—inadequate for Application Note 1's inclusion of conspiracies, Note 1 [to § 4B1.2] cannot support Price's sentence as a career offender. Thus, without passing on the Commission's authority to readopt Application Note 1 to § 4B1.2 (or some variation of Note 1) on alternative grounds, we vacate the sentence and remand the case to the district court for resentencing.

990 F.2d at 1370 (emphasis in original).[4] Mendoza–Figueroa urges us to adopt *Price*'s reasoning. We decline to do so. Like nine other circuits, we conclude that the reasoning in *Price* is fatally flawed for a number of reasons.

*First,* the court in *Price* concluded from the background comment to § 4B1.1 that the Sentencing Commission did not *intend* to base its career offender guidelines on any statutory authority other than § 994(h). That analysis conflicts with the Supreme Court's teaching in *Stinson:*

We do not think it helpful to treat commentary as a contemporaneous statement of intent by the drafters or issuers of the guideline.... We also find inapposite an analogy to an agency's construction of a federal statute that it administers.... Although the analogy is not precise ... we think the government is correct in suggesting that the commentary be treated as an agency's interpretation of its own legislative rule.

— U.S. at —— – ——, 113 S.Ct. at 1918–19. In other words, we should not treat the background commentary to § 4B1.1 as explaining the Commission's intent in adopting career offender guidelines, and then invalidate an interpretive commentary because that explanation does not sufficiently justify the commentary under the administrative law principles of *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). Rather, under *Stinson,* we look only at whether an interpretive commentary—here, Note 1 to § 4B1.2—(i) is within the Commission's full statutory authority, and (ii) is a "plainly erroneous reading" of the guideline it interprets. Every court has agreed that Note 1 is within the Commission's statutory authority, and Mendoza–Figueroa does not argue, and in our view could not tenably argue, that Note 1 is a plainly erroneous reading of § 4B1.2. Therefore, we must enforce Note 1 in accordance with its terms. *See Hightower,* 25 F.3d at 185; *Piper,* 35 F.3d at 617.

*Second,* even if *Stinson* did not eliminate the issue of Commission intent, we conclude that the Commission's intent in defining career offenders cannot be derived solely from the background commentary to § 4B1.1. The Commission has declared, "guidelines and policy statements promulgated by the Commission are issued pursuant to Section 994(a) of Title 28, United States Code." U.S.S.G., Ch. 1, Part A, § 1. It is unreasonable to read the background commentary to § 4B1.1 as somehow nullifying or retracting that general statement of the Commission's

---

4. After *Price,* the Commission proposed an amendment to its background commentary stating that § 4B1.1 is based upon the Commission's general authority, as well as § 994(h). *See* 58 Fed.Reg. 67520, 67532 (1993). No action was taken on that proposal. Earlier this year, the Commission approved and sent to Congress a nearly identical amendment, which is scheduled to take effect November 1, 1995. *See* 60 Fed. Reg. 25074, 25086–87 (1995).

intent in exercising its statutory authority. *See Heim,* 15 F.3d at 832; *Damerville,* 27 F.3d at 257; *Kennedy,* 32 F.3d at 888–89.

Under § 4B1.1, a career offender is assigned a high base offense level and is placed in the highest criminal history category. In the introductory commentary to the criminal history category guidelines, the Commission stated, "General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence." U.S.S.G. Ch. 4, Pt. A, intro. comment. Given the interplay between the career offender guideline and the criminal history guidelines, which have a broad anti-recidivist objective, it is unreasonable to conclude that the Commission intended to base § 4B1.1 on the limited authority of § 994(h), particularly because the interpretive commentaries to § 4B1.2 are expressly to the contrary.

*Finally,* even if the Commission did intend to base its career offender guidelines only on § 994(h), that statute is ample authority to include drug conspiracies as qualifying offenses. *See Kennedy,* 32 F.3d at 889; *Piper,* 35 F.3d at 618. Section 994(h) "mandates" that certain classes of recidivists receive heightened prison sentences. The legislative history explained:

[S]ubstantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers. . . . It should be noted that [28 U.S.C. § 994](h) and (i) are not necessarily intended to be an exhaustive list of types of cases in which the guidelines should specify a substantial term of imprisonment, nor of types of cases in which terms at or close to authorized maxima should be specified.

S.Rep. No. 225, 98th Cong., 1st Sess. 176 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3358–59. Congress has elsewhere directed that drug conspiracies should be subject to the same penalties as the underlying controlled substance offenses. *See* 21 U.S.C. § 846. That purpose is obviously furthered by Note 1 to § 4B1.2. Thus, the Commission reasonably interpreted § 994(h) as a broad directive to provide harsh penalties for recidivists, rather than as a limited, categorical

definition of offenders who warrant recidivist penalties.

The "overall context suggests that Congress's 'mandate' directed the Commission to accord career offender treatment to whatever drug related crimes the Commission believed to be on a par with the offenses enumerated in section 994(h)." *United States v. Piper,* 35 F.3d 611, 618 n. 5 (1st Cir1994). The statute "does not define the *only* crimes for which the Commission may specify a sentence at or near the maximum; it merely declares that the enumerated crimes must be so treated." *Baker,* 16 F.3d at 856. *See also United States v. Consuegra,* 22 F.3d 788 (8th Cir.1994) (language and purpose of § 994(h) require that it be applied to state as well as federal controlled substance offenses).

For the foregoing reasons, we conclude that U.S.S.G. § 4B1.2, comment. (n. 1), is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority. Because this commentary interprets § 4B1.2 as including drug conspiracies, the district court properly determined that Mendoza–Figueroa should be sentenced as a career offender. The district court correctly applied the career offender provisions in determining Mendoza–Figueroa's sentence. Accordingly, its judgment must be affirmed.

JOHN R. GIBSON, Senior Circuit Judge, with whom McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, join, dissenting.

I respectfully dissent.

The Sentencing Commission, in enacting Guideline Section 4B1.1 and its accompanying commentary, stated without qualification that: "Section 4B1.1 implements [the mandate of 28 U.S.C.A. § 994(h) (1993 & Supp. 1995)]." In its opinion today, the court simply treats this clear statement as one of intent, rather than the grounds for the guideline and commentary. This misreading destroys the force of the court's reasoning. Section 994(h) enumerates three statutes which define substantive offenses, and makes no reference to a conspiracy. The Sentencing Commission exceeded its mandate by

including conspiracy as a predicate offense for career offender purposes. Accordingly, I dissent.

Guideline Section 4B1.1 defines as a career offender one whose instant offense and two earlier felony convictions are either "a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (Nov.1992). The term "controlled substance offense" includes state or federal offenses involving "the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(2). Most significant for our purposes, however, is Application Note 1 to section 4B1.2 which states that "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, *conspiring,* and attempting to commit such offenses." (Emphasis added.)

The career offender provision of section 4B1.1 springs from 28 U.S.C. § 994(h). Section 994(h) defines controlled substance offenses, with respect to both the crime of conviction and the predicate convictions, in identical language, by enumerating specific statutes. Until 1994, these identical subparagraphs defined a "controlled substance offense" as:

> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).

28 U.S.C. § 994(h)(1)(B) and (2)(B).

All of the enumerated statutes identified in 28 U.S.C. § 944(h) as a controlled substance offense describe only substantive offenses. Congress did not include any other related sections as a controlled substance offense,

and did not include conspiracy to commit the enumerated substantive offenses as a controlled substance offense. *See* 21 U.S.C. §§ 846, 955c, and 963. Congress thus specifically included only substantive offenses while omitting conspiracy.[1]

Further, the background commentary to section 4B1.1 states: "28 U.S.C. § 994(h) mandates that the Commission assure that certain 'career' offenders, as defined in the statute, receive a sentence of imprisonment 'at or near the maximum term authorized.' Section 4B1.1 implements this mandate." This statement expresses the Commission's foundation for the guidelines and commentary before us, and makes clear that section 4B1.1 implements the statutory mandate of section 994(h) and that career offenders must be those defined by section 994(h). While the court states that it must enforce Application Note 1 in accordance with its terms, it turns its face from treating the background commentary to section 4B1.1 the same way. The court cannot pick and choose which portion of the commentary to enforce. Because the background commentary to section 4B1.1 is the clearly expressed basis for the Commission's action, we must reverse the sentence.

Certainly, Congress gave the Commission broad authority to promulgate the Sentencing Guidelines. *See* 28 U.S.C. § 994(a) (1988); *Mistretta v. United States,* 488 U.S. 361, 377, 109 S.Ct. 647, 657, 102 L.Ed.2d 714 (1989). The Commission, however, explicitly stated that Chapter 4, part B implements the section 994(h) mandate that the Commission assure appropriate punishment for "certain 'career' offenders, *as defined in the statute.*" U.S.S.G. § 4B1.1, cmt., bkgd. (emphasis added). The Commission plainly did not rely on its discretionary authority under section 994(a) to effectuate the section 994(h) mandate. Rather, the Commission simply ex-

---

1. In 1986, Congress amended the maritime drug laws as they existed in 21 U.S.C. §§ 955a–955d. *See* Pub.L. No. 99–640, § 17, 100 Stat. 3552 (1986) (codified as amended at 46 U.S.C.App. §§ 1901–1904). The amended maritime drug laws were transferred to the Appendix of Title 46. In 1994, Congress amended section 994(h) by striking the reference to 21 U.S.C. § 955a and inserting a citation to "the Maritime Drug Law

Enforcement Act (46 U.S.C.App.1901 et seq.)." Pub.L. No. 103–322, § 330003, 108 Stat. 2140, 2141 (1994) (codified as amended at 28 U.S.C.A. § 994(h) (Supp.1995)). Section 1903(j) of the Appendix to Title 46 refers to conspiracy. Thus, in the 1994 amended citation, Congress for the first time referred to a conspiracy statute in Section 994(h).

ceeded the scope of section 994(h). When, as here, an agency's action is based on an erroneous view of the law, the action cannot stand. *See SEC v. Chenery Corp.,* 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943).

The court today relies on *Stinson v. United States,* ——— U.S. ———, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), taking a somewhat different tack from the discussion of *Stinson* by the other circuits. This reliance is unpersuasive. Although Justice Kennedy stated in his opinion that "[w]e do not think it helpful to treat commentary as a contemporaneous statement of intent by the drafters or issuers of the guideline," *id.* at ———, 113 S.Ct. at 1918, the commentary at issue in *Stinson* "was issued well after the guideline it interprets had been promulgated." *Id.* By contrast, the commentary at issue here specifically states that the Commission premised its adoption on 28 U.S.C. § 994(h). The commentary, including the specific application note before us, was submitted to Congress before the guideline was adopted and became effective. Rather than implicating *Stinson,* the application note triggers the following direction from *Chenery:* "[T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." 318 U.S. at 94, 63 S.Ct. at 462. "[A]n administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." *Id.* at 95, 63 S.Ct. at 462. Because the Commission explicitly grounded these guidelines and the supporting commentary on section 994(h) and because, when Mendoza–Figueroa was sentenced, section 994(h) specifically enumerated only substantive offenses, the inclusion of conspiracy in Note 1 to section 4B1.2 cannot be upheld.

The government contends that because 21 U.S.C. § 846 provides that those conspiring to commit an offense "shall be subject to the same penalties as those prescribed for the offense," Mendoza–Figueroa should be treated as if he violated 21 U.S.C. § 841, which is among the offenses enumerated in section 994(h). Mendoza–Figueroa argues that the omission of section 846 represents a deliber-

ate congressional choice that should not be disregarded.

Despite their similarity, a substantive criminal offense and a conspiracy to commit the same offense are distinct crimes with different elements. Indeed, since the panel opinion in this case, the Supreme Court clarified that a conviction for a conspiracy under 21 U.S.C. § 846 does not require the commission of an overt act but, rather, that "the common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability." *United States v. Shabani,* ——— U.S. ———, ———, 115 S.Ct. 382, 384, 130 L.Ed.2d 225 (1994) (citation and internal quotation marks omitted). The Court reasoned that Congress deliberately chose not to require an overt act in 21 U.S.C. § 846, consistent with the Sherman Act, rather than choosing to follow the general conspiracy statute, 18 U.S.C. § 371, which explicitly requires an overt act. *Id.* at ———, 115 S.Ct. at 385. In its discussion, the Supreme Court contrasted the criminal agreement as an essential element of the conspiracy offense, i.e., the *actus reus,* with mere criminal thoughts. *Id.* at ———, 115 S.Ct. at 386. The government's sweeping interpretation of the "same penalties" provision would require that we read all statutory references to the underlying offense, for purposes of sentencing, as encompassing a conspiracy to commit the offense as well. If Congress wanted to include conspiracy in section 994(h), it could easily have done so. I would reject the government's invitation to insert it through judicial fiat.

Sentencing Guidelines "must be strictly construed." *United States v. Khang,* 904 F.2d 1219, 1222 (8th Cir.1990). *See Dowling v. United States,* 473 U.S. 207, 213–14, 105 S.Ct. 3127, 3131, 87 L.Ed.2d 152 (1985). Under the rule of lenity, a court may not interpret a federal sentencing provision "so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the Commission] intended." *United States v. R.L.C.,* 915 F.2d 320, 325 (8th Cir.1990) (citation and internal quotation marks omitted), *aff'd,* 503 U.S. 291, 112 S.Ct. 1329, 117

L.Ed.2d 559 (1992). The rule of lenity favors the construction which yields the shorter sentence. *Id. See also R.L.C.,* 503 U.S. at 305, 112 S.Ct. at 1338 (dictum).

Although principles of construction have long been "cardinal to the criminal justice system ..., many courts, in light of the urgency of the recent drug problem, have slighted or ignored these principles. This is particularly hazardous with the broad and wide-ranging effects of the new Sentencing Guidelines." *Khang,* 904 F.2d at 1222 n. 4. The court today is too willing to disregard the rule of lenity in favor of a "possible unstated statutory basis" for the Commission's commentary. *See United States v. Mendoza–Figueroa,* 28 F.3d 766, 768 (8th Cir.1994).

The Commission may have the authority to include conspiracy offenses in its career offender provisions under other subsections of 28 U.S.C. § 994. Nevertheless, it does not have that authority under 28 U.S.C. § 994(h), the authority on which it explicitly relied. An agency's "action must be measured by what the [agency] did, not by what it might have done." *Chenery,* 318 U.S. at 93–94, 63 S.Ct. at 462. What the Commission did was unauthorized by the statute upon which the Commission relied. To that extent, the Commission's actions are invalid. *See Mendoza–Figueroa,* 28 F.3d at 768.

We have, on numerous occasions, strictly construed the language of the Guidelines, resulting in the imposition of a more severe sentence. *See, e.g., United States v. Galloway,* 976 F.2d 414 (8th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993); *United States v. Rodriguez–Morales,* 958 F.2d 1441 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992); *United States v. Kelley,* 956 F.2d 748 (8th Cir.1992) (en banc). Although the court today retreats from the approach of strict construction, its more liberal and permissive reading of the guideline commentary results in a longer sentence. This action simply stands institutional consistency on its head.

When this case was argued before the panel, the D.C. Circuit was the only circuit court which had addressed whether the Sentencing Commission properly included drug conspiracy offenses in its definition of offenses that require a career offender enhancement. *See United States v. Price,* 990 F.2d 1367 (D.C.Circuit 1993). In *Price,* the court concluded that the inclusion was improper. *Id.* at 1370. By the time the opinion and dissent were filed, the Ninth Circuit had decided to the contrary. *See United States v. Heim,* 15 F.3d 830 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994).

The court in *Price* stated that the commentary to section 4B1.1 demonstrates that the Commission sought only to implement the mandate of section 994(h). 990 F.2d at 1369. "If the Commission intended Ch. 4, part B to rest as well on its discretionary authority under section 994(a), it certainly did not say so." *Id.* Thus, the court concluded that section 994(h) did not support Application Note 1's inclusion of conspiracies and, consequently, that Note 1 could not support the defendant's sentence as a career offender. *Id.* at 1370.

As noted by the court today, a group of circuits followed *Heim* after the panel issued its opinion. However, the Fifth Circuit in *United States v. Bellazerius,* 24 F.3d 698 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 375, 130 L.Ed.2d 326 (1994), agrees with *Price* and, implicitly, with the approach of our panel. The Fifth Circuit reasoned that "when people say one thing, they do not mean another." *Id.* at 702 (citation and internal quotation marks omitted). That is, the Sentencing Commission had relied on section 994(h) for its authority as it stated. *Id.* The court held that "by identifying section 994(h) as its source of authority, the Sentencing Commission impliedly disclaimed reliance on other sources of authority." *Id.*

The court buttressed its conclusion with the Commission's proposed amendment to the background commentary to section 4B1.1. *Id.* at 702 (citing 58 Fed.Reg. 67522–675[32] (1993) (proposed Dec. 21, 1993)). In the amendment, the Commission broadened its statement of authority for the inclusion of conspiracy offenses to encompass 28 U.S.C. § 994(a)–(f), as well as 28 U.S.C. § 994(h).

*Id.* The Fifth Circuit reasoned that the Commission's invocation of broader authority to support section 4B1.1 would have prospective application. *Id.* Following the *Bellazerius* opinion, the Sentencing Commission submitted to Congress a nearly identical amendment to the background commentary to section 4B1.1. 60 Fed.Reg. 25074, 25086–87 (1995). If there is any doubt that the Commission was relying on section 994(h) as its authority for the inclusion of conspiracy in the enumeration of offenses, such doubt is swept away by the Commission's more recent efforts to extend the statutory basis to section 994, specifically subsections (a)–(f). The amendment specifically cites 28 U.S.C. § 994(a)–(f) as authority for section 4B1.1. Moreover, the stated reason for the additional background commentary is the *Price* decision. 60 Fed.Reg. at 25087. This proposed amendment confirms that the Commission's sole rationale and authority for section 4B1.1 is section 994(h), and remained so at the time Mendoza–Figueroa committed his offense, entered his guilty plea, and received his sentence.

In my view, *Price* and *Bellazerius* have the better argument because they apply the guidelines and commentary as written. The Sentencing Commission plainly meant what it said in stating that section 994(h) was the basis of its Guideline. This is made abundantly clear by the Commission's proposal to modify the basis for the Guideline, as noted by the Fifth Circuit in *Bellazerius,* 24 F.3d at 702, and by the Commission's subsequent submission of the modification to Congress. 60 Fed.Reg. at 25086.

For these reasons, I conclude that the Sentencing Commission exceeded its statutory authority by including a drug conspiracy offense in the definition of a career offender, and I would reverse the sentence.