116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto Manuel FONSECA-CARO, Defendant-Appellant.
 No. 95-16649.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided June 5, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona, Nos. CV-95-003430ACM, CR-( )-297-ACM; C.A. Muecke, District Judge, Presiding
 
 
 2
 Before: BROWNING, and SCHROEDER, Circuit Judges and RESTANI, Judge*
 
 
 3
 MEMORANDUM**
 
 
 4
 Ernesto Manuel Fonseca-Caro appeals the denial of his second motion for relief under 28 U.S.C. § 2255. We affirm.[1]
 
 
 5
 Fonseca-Caro's ninety-day sentence plainly brings him within the dictate of section 4A1.1(b) that a defendant receive two points "for each prior sentence of imprisonment of at least sixty days." Whether his prior offense qualifies as a crime of violence is irrelevant.
 
 
 6
 The cases cited by Fonseca-Caro in support of his contention that conspiracy offenses "cannot be enhanced by other prior convictions" hold only that drug conspiracies cannot be counted in deciding whether an individual is a career offender. Fonseca-Caro was not sentenced as a career offender.[2]
 
 
 7
 The conspiracy for which FonsecaCaro was convicted was a drug trafficking crime. Section 924(c)(2) defines "drug trafficking crime" as "any felony punishable under the Substances Act (21 U.S.C. 801 et seq.)." Fonseca-Caro's conspiracy was a felony punishable under the Controlled Substances Act. See 21 U.S.C. § 841 (criminalizing the possession of a controlled substance with intent to distribute); 21 U.S.C. § 846 (criminalizing conspiracy to commit any offense under the Controlled Substances Act).
 
 
 8
 We reject Fonseca-Caro's argument that effective counsel would have raised the foregoing claims. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983) (appellate counsel need not raise every nonfrivolous issue requested by defendant).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We address Fonseca-Caro's contention that the Pinkerton doctrine is not applicable under 18 U.S.C. § 924(c) after Bailey v. United States, 116 S.Ct. 501 (1995), in an opinion published this date
 
 
 [2]
 Even if he had been, we would deny this claim. We have rejected the cases Fonseca-Caro cites. See United States v. Heim, 15 F.3d 830, 831-32 (9th Cir.1994)