# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3033

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Philip J. Simon, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2000

Filed: March 23, 2000

_____

Before MORRIS SHEPPARD ARNOLD and FAGG, Circuit Judges, and BENNETT,[*]
District Judge.

_____

PER CURIAM.

After execution of a search warrant on Philip J. Simon's residence revealed a marijuana growing operation consisting of rotating lights, fertilizer, potting soil, a CO2 system, and 105 potted marijuana plants, Simon pleaded guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Simon appeals his sentence of 188 months in prison and 8 years of supervised release. We affirm.

---

[*]The Honorable Mark W. Bennett, Chief Judge, United States District Judge for the Northern District of Iowa, sitting by designation.

Simon contends the district court erroneously applied a career offender enhancement because his 1993 Nebraska conviction for attempted possession of marijuana with intent to deliver was not a controlled substance offense within the meaning of § 4B1.1 of the Sentencing Guidelines. We disagree. Controlled substance offenses include state law offenses "punishable by imprisonment for a term exceeding one year[] that prohibit[] . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense," U.S. Sentencing Guidelines Manual § 4B1.2(b), and "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses," id. at commentary n.1. Although Simon correctly asserts simple possession drug offenses are not included, see United States v. Baker, 16 F.3d 854, 856 (8th Cir. 1994), Simon was not convicted of simple possession, but rather of attempted possession with intent to deliver, a class IV felony punishable by up to five years imprisonment under Nebraska law. See Neb. Rev. Stat. §§ 28-105, 201(4)(c), & 416(1)(a) & (2)(b) (1989). Simon's argument that the Nebraska conviction should be excluded because it is an attempt crime and the Sentencing Commission lacked statutory authority to include such crimes under § 4B1.1 is foreclosed by our decision in United States v. Mendoza-Figueroa, 65 F.3d 691 (8th Cir. 1995). We thus conclude the district court correctly applied the career offender provisions in determining Simon's sentence.

Simon also claims the district court's finding that he was cultivating 105 marijuana plants was based on insufficient evidence. Contrary to Simon's contention, the court's finding was supported by the evidence and was not clearly erroneous. See United States v. Covington, 133 F.3d 639, 643-44 (8th Cir. 1998). Two agents extensively trained in marijuana identification testified that all 105 plants found in Simon's outbuilding were marijuana. See id. at 644 (testimony of experienced narcotics officer sufficient to establish identity of controlled substance). Further testimony showed that the individually potted plants were counted three times and photographs showing the plants in detail were introduced into evidence.

We affirm the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.