# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1287
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Walton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: January 11, 2021
Filed: March 4, 2021
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Aaron Walton pleaded guilty to distribution of more than five grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The

district court[1] determined that Walton qualified as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines and sentenced him to 151 months' imprisonment, the bottom of the advisory guidelines sentencing range. We affirm.

Walton contends that he does not qualify as a career offender because he does not have at least two prior felony convictions that meet § 4B1.2(b)'s definition of "controlled substance offense." Walton's prior felony convictions involved the "delivery" or "distribution" of controlled substances, both of which are defined to include attempt.[2] Walton maintains that the text of § 4B1.2(b) excludes such inchoate offenses. He recognizes that Application Note 1 to § 4B1.2 defines "controlled substance offense" to include "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses," but argues that the Sentencing Commission exceeded its authority by expanding the definition in the commentary to include offenses not listed in the guideline itself.

In United States v. Mendoza-Figueroa, our en banc court concluded that Application Note 1 was "a reasonable interpretation of the career offender guidelines that [was] well within the Sentencing Commission's statutory authority." 65 F.3d 691, 694 (8th Cir. 1995) (en banc). Accordingly, we "must enforce Note 1 in accordance with its terms." Id. at 693; see United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019) (concluding that Mendoza-Figueroa foreclosed the argument that the

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[2]Walton has been convicted of possession of marijuana with purpose to deliver in violation of Ark. Code Ann. § 5-64-436 and possession of ecstasy and marijuana with purpose to deliver in violation of Ark. Code Ann. §§ 5-64-424 and 5-64-436. See id. § 5-64-101(6) (defining "deliver" to include "attempted transfer"). He also has been convicted of distribution or possession with intent to distribute marijuana in violation of Kan. Stat. Ann. § 21-5705. See id. § 21-5701(d) (defining "distribute" to include "attempted transfer").

defendant's drug conspiracy conviction did not satisfy § 4B1.2(b)'s definition of "controlled substance offense"); United States v. Bailey, 677 F.3d 816, 818 (8th Cir. 2012) (per curiam) (same). We are bound by Mendoza-Figueroa, and thus Walton's argument is foreclosed.[3] Accord United States v. Lange, 862 F.3d 1290, 1294–96 (11th Cir. 2017); United States v. Chavez, 660 F.3d 1215, 1226–28 (10th Cir. 2011); United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994).

Walton next argues that the totality of the circumstances supported a downward variance from the guidelines sentencing range. Walton contends that the district court failed to give adequate weight to the mitigating factors of Walton's youth, his troubled upbringing, his lack of parental guidance, and his substance addiction. The record reveals that the district court gave due consideration to those factors, however, weighing them against Walton's lack of respect for the law, his likelihood to recidivate, and the need for the sentence to protect the public and deter Walton from committing further crimes. We conclude that the district court did not abuse its discretion in imposing a sentence at the bottom of the advisory guidelines range. See Gall v. United States, 552 U.S. 38, 51 (2007) (appellate court reviews a defendant's sentence under an abuse-of-discretion standard and may apply a presumption of reasonableness to a sentence within the advisory guidelines range); see also United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (cleaned up)). The sentence is not substantively unreasonable.

The judgment is affirmed.

_____

_____

[3]We have recognized that the D.C. Circuit and the Sixth Circuit have reached a contrary conclusion, see United States v. Jefferson, 975 F.3d 700, 708 (8th Cir. 2020), *petition for cert. filed* (U.S. Dec. 31, 2020) (No. 20-6745), and that the Sentencing Commission has published a proposed amendment that would resolve the disagreement among the circuits, see United States v. McWilliams, 807 F. App'x 589, 590 (8th Cir.) (per curiam), *cert. denied,* 141 S. Ct. 572 (2020).