**UNITED STATES of America,**

v.

**Barry K. URIAN, Sr., Appellant.**

**No. 88–5210.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Sept. 2, 1988.

Decided Sept. 23, 1988.

George E. Schumacher, Federal Public Defender, James V. Wade, First Asst. Federal Public Defender, Harrisburg, Pa., for appellant.

James J. West, U.S. Atty., Timothy B. Haney, Asst. U.S. Atty., Harrisburg, Pa., for appellee.

Before SLOVITER, GREENBERG and COWEN, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

Appellant Barry K. Urian, Sr. appeals his convictions and sentences for distribution and conspiracy to distribute methamphetamine. His primary contention is that the district court erred in not asking prospective jurors certain *voir dire* questions proposed by his trial counsel. While the district judge's failure to ask these questions may have been error, we hold that Urian waived his ability to raise this issue on appeal because his trial counsel did not object to the district court's *voir dire*. Since this alleged error does not rise to the level of plain error, we will affirm Urian's convictions.

Urian also asserts that the district judge erred when he relied upon a pre-sentence report in sentencing Urian without resolving disputes regarding certain facts in the report. We agree that the district judge did not comply with Fed.R.Crim.P.

32(c)(3)(D) and will remand this case to the district court in order that the judge may make the findings or determination required by that rule.

## I.

Urian was convicted, following a jury trial, of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 1), and two counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 8 and 9). He was sentenced to a term of imprisonment of six years on Count 1, one year and a special parole term of three years on Count 8, and one year and a special parole term of three years on Count 9, sentences to run consecutively. A special assessment of $50.00 was also imposed on each count. Urian appeals his sentence and conviction to this Court.

## II.

■ Urian's primary contention is that the district court erred when it did not ask prospective jurors several of the questions Urian's trial counsel submitted as proposed *voir dire* questions to the district judge.[1]

1. Specifically, Urian asserts that the district judge erred when he did not ask requested *voir dire* questions 3, 5, 6, 10, 11, 14, 18, 19, 20, 36, 40, 42, and 43 listed in "Defendant's Proposed Voir Dire." *See* App. at 147–155. These questions are reproduced below:

3. Are you, or any member of your family, or any close friends related to any judge, law clerk, or court personnel, including clerks, auditors, accountants, probation officers and the like?

5. Are you, or any member of your family, or any close friends connected with any crime prevention program? If so, which ones?

6. Are you, or any member of your family, or any close friends associated in any way with any criminal rehabilitation program? If so, what is it?

10. Have you, any member of your family, or any close friend ever studied law?

11. Have you ever served on a grand jury, either federal or state?

14. Have you, or any member of your family, or any of your close friends, ever been the victim of a crime, or participated in a criminal case as a complainant, a witness for the federal or state government, or in any other capacity on behalf of the prosecution?

a) If so, have you any opinion of the courts which would prevent you from being fair and impartial in this case?

b) If so, have you any opinion of the lawyers which would prevent you from being fair and impartial in this case?

c) If so, have you any opinion of the judges which would prevent you from being fair and impartial in this case?

18. Would you require the accused to, at any time, satisfy you that he is not guilty?

19. Would any juror consider the defendant's failure to testify as an indication of his guilt?

20. As you sit in this courtroom today, are you able to presume, without any mental reservations whatsoever, that this defendant is innocent despite the fact that he has been charged with a criminal offense as a result of an indictment by a grand jury?

36. If you were the defendant on trial here today, or his counsel, or the Assistant United States Attorney charged with the responsibility of prosecuting this case, do you know of any reason why you would not be content to have your case tried by someone in your present frame of mind?

A district judge's refusal to ask questions of the sort propounded by Urian's counsel, such as a question asking whether the prospective juror or a family member had ever been the victim of a crime, can constitute reversible error. *See United States v. Poole*, 450 F.2d 1082, 1083–84 (3d Cir.1971) (refusal to ask jurors requested question "Have you or any member of your family ever been the victim of a robbery or other crime?" was error entitling defendant to new trial); *see also Jacobs v. Redman*, 616 F.2d 1251, 1256–57 (3d Cir.) (noting that *Poole* was predicated upon supervisory powers of the federal court, not a federal constitutional right, and did not apply to state conviction before court on petition for habeas corpus), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980).

■ In this case, however, it is our opinion that this issue was not properly preserved for appeal. Urian's counsel made no specific objection when the district judge did not ask the requested questions, and he did not even make a general objection when the judge did not ask any of the questions which Urian now contends he erred in not asking. The closest example to an objection in the record is this inquiry, which took place after the judge had asked a number of questions of prospective jurors:

MR. BRISKIN [Urian's trial counsel]: Your Honor, we had also submitted certain questions for voir dire. I take it that if they are not asked by that you are not going to, is that correct?

THE COURT: Yes. Thank you, Mr. Briskin.

App. at 262.

This inquiry is insufficient to satisfy the requirement of Fed.R.Crim.P. 51 that a party "make[ ] known to the court the action which that party desires the court to take or that party's objection to the action of the court and the grounds therefor." As we have noted, "the [trial] court and opposing parties are justified in expecting litigants to raise their objections at the procedurally correct moment, and in assuming that objections not so raised have been waived." *United States v. Baylin*, 696 F.2d 1030, 1036 (3d Cir.1982). Defendant's counsel in this case failed to put the court and government counsel on notice that he objected to the Court's *voir dire*, and we find that he waived his present claim. *See Government of the Virgin Islands v. Forte*, 806 F.2d 73, 75–76 (3d Cir.1986) (defendant's failure to raise timely objection waived claim that prosecutor improperly used peremptory challenges); *cf. United States v. Salamone*, 800 F.2d 1216, 1223 (3d Cir.1986) (defendant's initial objection was sufficient to preserve claim for review; was not necessary for defendant to renew earlier objection).

■ We can, of course, consider Urian's argument despite his failure to object if we find that the district court's failure to ask the requested questions amounted to plain error. The plain error rule was aptly summarized in *Forte:*

Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). As the Supreme Court in *United States v. Young*, [470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) ] explained, "[t]he plain error doctrine of Federal Rule Criminal Procedure 52(b) tempers the blow of a rigid application of the contemporaneous objection requirement." [*Id.* at 15, 105 S.Ct. at 1046

---

40. If in the legal judgment of the defendant's counsel it is his advice not to have the defendant testify in his own behalf, will all of you be in agreement with the court's instruction that you may draw no inference from a defendant's failure to take the witness stand to testify?

42. Have you, or any member of your family or any of your close friends, ever been involved with or affected by the distribution of drugs?

43. Does the fact that the offenses charged in this indictment allegedly occurred at the Peach Bottom Nuclear Power Plant so offend your sensibilities as to create a bias towards the defendants, that you will not be able to receive the evidence with an open mind nor be able to render a fair and impartial verdict in this case?

App. at 148–55.

(footnote omitted)] The Court, however, went on to define plain error as "only 'particularly egregious errors' ... that 'seriously affect the fairness, integrity or public reputation of judicial proceedings'" and cautioned that "the plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" [*Id.*]

*Forte*, 806 F.2d at 76 (additional citations omitted).

In light of these principles, the fact that the district court did not ask jurors the requested *voir dire* questions does not amount to plain error. The district court's *voir dire* asked prospective jurors a number of questions, *see* App. at 252–68, and covered such areas as the prospective juror's occupation and residence, his or her familiarity with the parties, attorneys, and witnesses in the case, and whether the juror or a family member were engaged in law enforcement. Given that the district judge did conduct a basically adequate *voir dire*, and that the *Poole* holding that failure to ask jurors a proposed question concerning whether they had ever been crime victims constituted error was based on the supervisory power of the federal courts, *not* the federal constitution, *see Jacobs v. Redman*, 616 F.2d 1251, 1256–57 (3d Cir. 1980), failure to give such an instruction is not plain error.[2]

### III.

 Urian additionally asserts that the district court failed to comply with Fed. R.Crim.P. 32(c)(3)(D) when it sentenced him without resolving a dispute regarding the quantity of drugs he sold. Although the pre-sentence report estimated that Urian had sold between 18 and 20 pounds of methamphetamine, defense counsel contended that Urian had sold between 7½ and 10½ pounds of methamphetamine. The district judge never resolved this factual controversy.

When a defendant disputes a fact included in a pre-sentence report, Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure requires that the sentencing court resolve that dispute, or determine that it will not rely on the disputed material. *United States v. Gomez*, 831 F.2d · 453, 455 (3d Cir.1987). Since the dispute at issue in this case is just the type contemplated by the rule, the district judge erred when he relied upon the statement in the pre-sentence report without resolving the dispute, and when he did not append a written record of his findings or determination to the report.

### IV.

Although we find no merit to Urian's first two contentions, we will vacate the sentence imposed by the district court and remand so that the district court may complete the record by making the findings required by Fed.R.Crim.P. 32(c)(3)(D)(i) or the determination required by Fed.R.Crim. P. 32(c)(3)(D)(ii). The district court should append a record of these findings or this determination to the pre-sentence report. We leave it to the district court to determine whether it is necessary to reopen the sentencing hearing or if it can make the appropriate findings or determination on the basis of the prior record. *See Gomez*, 831 F.2d at 457–58 (remanding for a similar procedure).

---

**2.** Urian also contends that the district court erred when it refused to charge the jury with a requested instruction discussing how to determine the credibility of a drug addict's testimony. We find that this argument also lacks merit, both because the record evidence does not demonstrate that the witnesses at issue were drug addicts at the time of trial, as opposed to former drug users, and because the judge's instructions did advise the jury to carefully assess the credibility of these government witnesses. *See* App. at 714–16.