

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-1994

# United States of America v. Hightower

Precedential or Non-Precedential:

Docket 93-5117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

## Recommended Citation

"United States of America v. Hightower" (1994). *1994 Decisions*. Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 93-5117


UNITED STATES OF AMERICA

V.

KEVIN HIGHTOWER,
                    Appellant


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Criminal No. 92-00317-01)


Submitted Under Third Circuit LAR 34.1(a)
October 8, 1993

Before:  HUTCHINSON, COWEN and NYGAARD, Circuit Judges

(Opinion Filed May 31, 1994)


DAVID E. SCHAFER, ESQUIRE
Assistant Federal Public Defender
United States Courthouse
402 East State Street, Room 102A
Trenton, New Jersey 08608
Attorney for Appellant

MICHAEL CHERTOFF, ESQUIRE
EDNA B. AXELROD, ESQUIRE
R. DAVID WALK, JR., ESQUIRE
JOHN J. FARMER, JR., ESQUIRE
Office of United States Attorney
970 Broad Street
Room 502
Newark, New Jersey 07102
Attorneys for Appellee


OPINION OF THE COURT


1

NYGAARD, Circuit Judge.

Kevin Hightower pleaded guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him as a career offender to 21 years and 10 months of imprisonment, and Hightower appealed from his judgment of conviction and sentence. We affirmed, but later granted rehearing to consider whether a defendant convicted of conspiracy to distribute a controlled dangerous substance is subject to the career offender provisions of the U.S. Sentencing Guidelines.[1] Our review is plenary. United States v. Parson, 955 F.2d 858, 863 (3d Cir. 1992).

I.

Section 4B1.1 of the Sentencing Guidelines classifies a defendant as a career offender if:

_____

[1] On appeal, Hightower argued that the district court erred (1) in determining that his state court convictions were not "related cases" for purposes of U.S.S.G. §4A1.2, (2) in deciding not to reconsider his selective prosecution claim, and (3) in declining to depart downward under U.S.S.G. §4A1.3. We concluded, however, that these assertions were without merit. The statement in the commentary to section 4A1.2 that prior sentences separated by an intervening arrest are not considered related is not "inconsistent with, or a plainly erroneous reading of, that guideline," Stinson v. United States, 113 S. Ct. 1913, 1915 (1993); therefore, it is controlling, and Hightower's three convictions following separate arrests are not related under section 4A1.2. Assuming his second claim is timely and not waived, the record below is insufficient to support a claim for selective prosecution, and we lack jurisdiction to review Hightower's third claim since the district court made a discretionary decision not to depart under section 4A1.3. See United States v. Frazier, 981 F.2d 92, 95-97 (3d Cir. 1992), cert. denied, 113 S. Ct. 1661 (1993).

(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1. The question before us involves the second requirement, specifically, the scope of offenses that fall within the category of a "controlled substance offense."[2] The commentary to section 4B1.1 states that:

> 28 U.S.C. § 994(h) mandates that the Commission assure that certain "career" offenders, <u>as defined in the statute</u>, receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 <u>implements this mandate</u>. The legislative history of this provision suggests that the phrase "maximum term authorized" should be construed as the maximum term authorized by statute. . . .

U.S.S.G. §4B1.1, comment. (backg'd.) (emphasis added). Based on this commentary, Hightower maintains that the definition of a controlled substance offense is circumscribed by the list of offenses enumerated in "the statute," 28 U.S.C. § 994(h)(1)(B), which does not include conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.

Nevertheless, the commentary to section 4B1.1 also states that a controlled substance offense is defined in section 4B1.2 which provides that:

> The term "controlled substance offense" means an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance

---

[2] Hightower was 24 years old at the time of this offense, and his prior state court convictions for possession of a controlled substance with intent to distribute satisfy the third requirement.

3

(or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(2). The commentary to section 4B1.2 expands the definition to include "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. §4B1.2, comment. (n.1). Conspiracy to distribute a controlled substance is thus included as a predicate offense for sentencing under the career offender provisions of the Sentencing Guidelines. The question then becomes whether the Sentencing Commission exceeded its statutory authority by expanding the definition of a "controlled substance offense" beyond those offenses specifically listed in 28 U.S.C. § 994(h)(2)(B).

## II.

Unlike the guidelines themselves or policy statements, the commentary is not directly authorized in the Sentencing Reform Act of 1984. See Stinson, 113 S. Ct. at 1917; 28 U.S.C. §§ 994(a)(1)-(2); U.S.S.G. Ch.1, Pt.A, §1. In Stinson v. United States, 113 S. Ct. 1913 (1993), however, the Supreme Court addressed "the authoritative weight to be accorded to the commentary to the Sentencing Guidelines." Id. at 1916. Using the analogy of "an agency's interpretation of its own legislative rule," id. at 1919, the Stinson Court asserted that:

> [C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.

4

*Id.* at 1915; see also United States v. Joshua, 976 F.2d 844, 855 (3d Cir. 1992) (comparing Sentencing Commission's commentary to administrative agency's interpretation of an ambiguous statute).

Section 1B1.7 of the Sentencing Guidelines attributes the commentary with three different functions:

> First, it may interpret the guideline or explain how it is to be applied. Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal. See 18 U.S.C. § 3742. Second, the commentary may suggest circumstances which, in the view of the Commission, may warrant departure from the guidelines. Such commentary is to be treated as the legal equivalent of a policy statement. Finally, the commentary may provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline. As with a policy statement, such commentary may provide guidance in assessing the reasonableness of any departure from the guidelines.

U.S.S.G. §1B1.7. The commentary at issue in Stinson was "interpretive and explanatory" of a portion of the career offender guideline and thus was controlling. See 113 S. Ct. at 1917–18.[3]

## III.

### A.

In this case, the statutory provision referred to in the commentary, 28 U.S.C. § 994(h), provides that:

> **(h)** The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and--
>> **(1)** has been convicted of a felony that is--

---

[3] The Stinson Court held that the commentary excluding unlawful possession of a firearm by a felon as a predicate offense under the career offender guideline was binding. *Id.* at 1920.

5

**(A)** a crime of violence; or
**(B)** an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); and

**(2)** has previously been convicted of two or more prior felonies, each of which is--
**(A)** a crime of violence; or
**(B)** an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).

The plain language of the statute thus requires the Sentencing Commission to assure that certain offenders receive maximum or near-maximum terms of imprisonment. The problem is that a "controlled substance offense" is not explicitly defined in § 994(h)(1)(B).

The legislative history states that the intent of § 994(h) was to impose "substantial prison terms . . . on repeat violent offenders and repeat drug traffickers." S. Rep. No. 225, 98th Cong., 2d Sess. 175 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3358; see also United States v. Whyte, 892 F.2d 1170, 1174 (3d Cir. 1989). Furthermore, the Senate Report states that subsection (h) is "not necessarily intended to be an exhaustive list of types of cases in which . . . terms at or close to authorized maxima should be specified." S. Rep. No. 225, 98th Cong., 2d Sess. 176 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3359; see also Parson, 955 F.2d at 867.

B.

We have held that state court convictions can serve as controlled substance offenses under the career offender guideline, and that the Sentencing Commission has the authority to expand the scope of crimes of violence beyond the original congressional definition. In United States v. Whyte, 892 F.2d 1170 (3d Cir. 1989), the defendant contended that, for purposes of the career offender guideline, controlled substance offenses were limited to the federal statutes listed in 28 U.S.C. § 994(h) and did not include "convictions obtained under similar or analogous state statutes." Id. at 1174. Whyte rejected this argument, surmising that:

> If Congress had wanted only convictions under particular federal statutes to serve as predicate offenses, it could have said so quite simply. Instead, Congress referred to 'offenses described in' -- not 'convictions obtained under' -- those statutes.

Id. Additionally, the court reasoned that the purpose underlying § 994(h) and the possibility of prosecution under 21 U.S.C. § 841 for the same conduct weighed in favor of counting the defendant's state convictions towards career offender status. Id. In United States v. Parson, 955 F.2d 858 (3d Cir. 1992), we concluded that § 994(h) served "as a floor for the career offender category, not as a ceiling," id. at 867, and that § 994(h) did not bar the Sentencing Commission from including additional predicate offenses within the guideline definition of crimes of violence.

The Commission's authority to implement sentencing policy through the guidelines, however, is not coextensive with its authority to do so through commentary. As discussed above,

7

the function of commentary is to (1) explain or interpret the guidelines, (2) suggest circumstances warranting departure from the guidelines and (3) provide background information on the guidelines. In contrast, "[t]he guidelines provide direction as to the appropriate type of punishment -- probation, fine, or term of imprisonment -- and the extent of the punishment imposed." Stinson, 113 S. Ct. at 1917. If "commentary and the guideline it interprets are inconsistent[,] . . . the Sentencing Reform Act itself commands compliance with the guideline." Id. at 1918 (citing 18 U.S.C. §§ 3553(a)(4), (b)); accord United States v. Vea-Gonzales, 999 F.2d 1326, 1330 (9th Cir. 1993); United States v. Mandarelli, 982 F.2d 11, 13 (1st Cir. 1992). The Supreme Court explained in Stinson that:

> Although amendments to guidelines provisions are one method of incorporating revisions, another method open to the Commission is amendment of the commentary, if the guideline which the commentary interprets will bear the construction. Amended commentary is binding on the federal courts even though it is not reviewed by Congress, and prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation that satisfies the standard we set forth today.

113 S. Ct. at 1919 (emphasis added).

C.

Although we have not addressed the question presented in this appeal,[4] other courts of appeals have, reaching differing

---

[4] In United States v. Preston, 910 F.2d 81 (3d Cir. 1990), cert. denied, 498 U.S. 1103, 111 S. Ct. 1002 (1991), we stated that "'crimes of violence' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Id. at 86 n.6. However, that case involved the Career Criminals Amendment Act, 18 U.S.C. § 924(e), not section 4B1.2 of the

results.  In United States v. Price, 990 F.2d 1367 (D.C. Cir. 1993), the court analyzed the applicability of the career offender provisions to a conviction for conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371.  The Price court asserted that:

> Price clearly qualified as such [a career offender] under the definitions supplied by § 4B1.2 of the Guidelines and its Application Notes.  However, because the Sentencing Commission adopted §§ 4B1.1 & 4B1.2 solely in an effort to fulfill the mandate of 28 U.S.C. § 994(h), and § 994(h) plainly fails to reach conspiracies to commit controlled substance crimes, we vacate the sentence and remand the case to the district court for resentencing.

Id. at 1368.  Although some courts had accepted without comment the commentary's inclusion of conspiracy as a controlled substance offense,[5] the Price court concluded that the Commission had fashioned the career offender provisions "solely as an implementation of § 994(h)," and "acted explicitly upon grounds that do not sustain its action."  990 F.2d at 1369-70.

---

Sentencing Guidelines, and the Preston court's interpretation of the guidelines was dictum.

[5] See, e.g., United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir. 1991) (conviction for drug conspiracy in violation of 21 U.S.C. § 846), cert. denied, 112 S. Ct. 977 (1992); United States v. Jones, 898 F.2d 1461, 1462 (10th Cir.) (same), cert. denied, 498 U.S. 838, 111 S. Ct. 111 (1990).  We note that other courts have simply relied on the commentary as support for including conspiracy and attempt as crimes of violence under the career offender guideline.  See, e.g., United States v. Carpenter, 11 F.3d 788, 791 (8th Cir. 1993) ("We hold that under the Guidelines an attempt is the same as the commission of the substantive offense."); United States v. Fiore, 983 F.2d 1, 4 (1st Cir. 1992) ("conspiracy convictions can serve as predicate offenses under the career offender provisions of the federal sentencing guidelines"), cert. denied, 113 S. Ct. 1830 (1993); United States v. Guerra, 962 F.2d 484, 487 (5th Cir. 1992) ("we should not deviate from a plain reading of the guidelines and their official commentary").

Recognizing that the Commission may have discretionary authority under 28 U.S.C. § 994(a) to specify long terms of imprisonment for defendants not specifically covered under § 994(h), the Price court nevertheless held that the commentary to section 4B1.1 was "beyond the Commission's authority under § 994(h)." Id. at 1369.

In United States v. Heim, 15 F.3d 830 (9th Cir. 1994), however, the court explicitly held that "the Sentencing Commission did not exceed its statutory authority in including conspiracy within the definition of 'controlled substance offense' in §§ 4B1.1 and 4B1.2." Id. at 832. The Heim court's reasoning was twofold. First, it noted that "[n]owhere in the commentary to § 4B1.1 does the Commission suggest that it considered § 994(h) to be the sole legal authority for promulgating the career offender guidelines." Id. at 832 (emphasis added).[6] Second, the Heim court asserted that "[t]he Commission's decision to go beyond the mandate of § 994(h) is also consistent with the legislative history to § 994(h)." 15 F.3d at 832.

In United States v. Baker, 16 F.3d 854 (8th Cir. 1994), the court agreed that "§ 994(h) does not define the only crimes for which the Commission may specify a sentence at or near the maximum; it merely declares that the enumerated crimes must be so

---

[6] See also United States v. Mayes, No. 93-3342, 1994 WL 59469, at *2 (D. Kan. Feb. 15, 1994) ("mere mention of section 994(h), by way of commentary to section 4B1.1, does not make section 994(h) the sole authority relied upon by the Commission"); cf. Parson, 955 F.2d at 867 (suggesting in dicta that Commission could rely on other statutory provisions besides § 994(h) as authority for the career offender guideline); Whyte, 892 F.2d at 1174 n.11 (same).

10

treated." Id. at 857. The Baker court also expressed "serious doubts about Price's conclusion, derived solely from the commentary, that the only purpose of the career offender Guideline was to implement § 994(h)." Id. Finally, in United States v. Liranzo, 944 F.2d 73 (2d Cir. 1991), the court held that the defendant's prior conviction for the attempted criminal possession of cocaine was a controlled substance offense under the "plain language" of the commentary to section 4B1.2 of the guidelines. Id. at 78.

D.

We think that the commentary's expansion of the definition of a controlled substance offense to include inchoate offenses is not "inconsistent with, or a plainly erroneous reading of" section 4B1.2(2) of the Sentencing Guidelines, and that it does not "violate[] the Constitution or a federal statute." Stinson, 113 S. Ct. at 1915. This commentary explains how the guideline should be applied, and we therefore hold that it is binding. The commentary to section 4B1.1, however, is not explanatory or interpretive; rather, this commentary simply provides background information on the career offender guideline. We decline to interpret the commentary to section 4B1.1 in a way that is contrary to the text and legislative history of 28 U.S.C. § 994(h), and which would nullify the commentary to section 4B1.2.

IV.

11

For all these reasons, we will affirm Hightower's judgment of conviction and sentence.