86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Maria Lucia RAZO-GRANADO, Defendant, Appellant.
 No. 95-1411.
 United States Court of Appeals, First Circuit.
 May 16, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge]
 Maria Lucia Razo-Granado on brief pro se.
 Guillermo Gil, United States Attorney, and Joseph J. Frattallone, Assistant United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED AS MODIFIED.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Maria Razo-Granado was convicted of drug offenses arising out of a failed attempt to smuggle cocaine into the United States. She did not appeal her conviction or sentence and is presently serving a 78-month prison term. Appellant appeals from a district court order that summarily dismissed her 28 U.S.C. § 2255 motion without prejudice. We affirm the dismissal, but we modify it to be with prejudice.
 
 
 2
 Appellant's § 2255 motion alleged three claims: (1) that customs officers were "ineffective" and "ignorant" because initial field tests suggested that the controlled substance appellant was carrying was heroin, when later tests determined that it was cocaine; (2) that appellant's Fourth Amendment rights were violated when she was stopped, detained, questioned, and subjected to the warrantless search of her luggage and its contents when she presented herself for entry at the United States border, (3) that the district judge erred by sentencing appellant based on the total amount of cocaine that was recovered, as opposed to a lesser quantity of pure cocaine. As appellant's first and third claims do not assert a constitutional or jurisdictional error or an error that resulted in a complete miscarriage of justice, they are not cognizable under § 2255. See Knight v. United States, 37 F.3d 769, 772-74 (1st Cir.1994). Moreover, both claims are patently meritless.[1]
 
 
 3
 Appellant's Fourth Amendment claim similarly may not be reviewed on the merits due to appellant's double procedural default. See Knight, 37 F.3d at 774 ("Normally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice."). Appellant has not alleged any "cause" for her failure to raise this issue before the trial judge and on direct appeal. Thus, her Fourth Amendment claim may not now be reviewed under § 2255.[2]
 
 
 4
 In view of the foregoing, the judgment dismissing appellant's § 2255 motion is affirmed and modified to reflect that the dismissal is with prejudice.
 
 
 
 [1]
 The fact that initial field tests suggested that the controlled substance involved in this case was heroin had absolutely no impact on appellant's trial, conviction, or sentence. The record further establishes that the district judge properly relied on the entire weight of the cocaine-mixture that was recovered from appellant's possessions in sentencing appellant. See U.S.S.G. § 2D1.1(c), n. * (1991)
 
 
 [2]
 We note that the trial record strongly suggests that this claim is meritless in any event. And, as appellant's procedural default bars review of her Fourth Amendment claim, we need not decide whether Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976)(barring habeas review of Fourth Amendment exclusionary rule claims under 28 U.S.C. § 2254), also applies to proceedings under 28 U.S.C. § 2255