Levesque v. USA                          CV-98-389-M    07/01/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jonathan S. Levesque,
        Plaintiff

v.                                          Civil No. 98-389-M

United States of America,
        Respondent


### O R D E R

Based upon his guilty plea, plaintiff was convicted of conspiracy to possess with intent to distribute marihuana, in violation of 21 U.S.C. § 846.  He was subsequently sentenced to, among other things, a term of imprisonment of 188 months.  Following his conviction, plaintiff appealed the denial of his motion to suppress, which challenged the legality of searches and seizures arising out of a routine motor vehicle stop on Interstate 70 in Kansas.  The Court of Appeals affirmed this court's denial of plaintiff's motion to suppress.  United States v. Levesque, 111 F.3d 122 (1997).  Plaintiff is currently incarcerated at the federal correctional facility in Ray Brook, New York.


Plaintiff now moves the court to vacate or reduce his sentence under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to

> imposed such sentence, or that the sentence was in
> excess of the maximum authorized by law, or is
> otherwise subject to collateral attack, may move the
> court which imposed the sentence to vacate, set aside
> or correct the sentence.

In support of his position, plaintiff raises five grounds for relief: (1) that the court erred in denying his motion to suppress; (2) that he received constitutionally deficient assistance of counsel during the suppression hearing; (3) that the court improperly enhanced his sentence; (4) that the court erroneously concluded that plaintiff was a career offender; and (5) that the court erred in calculating his sentence. Having reviewed plaintiff's claims and the record of proceedings surrounding the suppression hearings and his guilty plea, the court finds that the record conclusively reveals that plaintiff is entitled to no relief.

I.    Improper Denial of Suppression Motion.

In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court considered whether, in the context of a proceeding under 28 U.S.C. § 2254, a state prisoner could raise a Fourth Amendment challenge to evidence introduced against him at trial. The Court concluded that he could not, holding that:

> where the State has provided an opportunity for full
> and fair litigation of a Fourth Amendment claim, the
> Constitution does not require that a state prisoner be
> granted federal habeas corpus relief on the ground that
> evidence obtained in an unconstitutional search or
> seizure was introduced at his trial.

2

Id., at 482. Although the Court of Appeals for the First Circuit has yet to decide whether the rule articulated in Stone v. Powell applies with equal force in the context of proceedings under 28 U.S.C. § 2255, see United States v. Razo-Granado, 1996 WL 256580 at *1 n.2 (1st Cir. May 16, 1996), other circuit courts of appeal have done so. See, e.g., United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993) (citing United States v. Johnson, 457 U.S. 537, 562 n.20 (1982)); Tisnado v. United States, 547 F.2d 452, 456 (9th Cir. 1976). Consistent with the reasoning expressed in those cases, as well as the Supreme Court's opinion in Stone v. Powell, the court concludes that a federal prisoner may not, in the context of a § 2255 proceeding, collaterally attack the validity of a search and seizure when he has had a full and fair opportunity to litigate that claim at trial and on appeal.

Here, plaintiff had such an opportunity and, in fact, vigorously litigated (before both this court and the court of appeals) the constitutionality of the search and seizure which lead to his arrest. Consequently, the court concludes that he may not attempt to relitigate that issue in the context of his § 2255 motion. However, even if the court were to address the substance of plaintiff's claim, it would deny his petition. Each of the issues raised was previously considered in detail, see United States v. Levesque, No. 94-120-01-M (D.N.H. July 11, 1995). Plaintiff has presented nothing new or different that would call into question previous rulings.

II.  Ineffective Assistance of Counsel.

Plaintiff's ineffective assistance of counsel claim is merely an alternate means by which he challenges the search and seizure.  In essence, he claims that if his attorney had more vigorously challenged the constitutionality of that search and seizure, the evidence against him would have been suppressed, and he would not have pled guilty.  At its core, plaintiff's ineffective assistance claim rests upon his assertion that trial counsel failed to: (1) call plaintiff's co-defendant and a third defendant (who pled guilty to charges arising out of related conduct) to the stand in an effort to rebut the testimony of the arresting police officers and undercut the credibility of their claim to have had an articulable suspicion that drugs were located in the U-Haul van; and (2) call an expert witness to rebut the officers' assertion that the drug dog "alerted" when officers exposed it to the drug-laden U-Haul van.

The court will assume, for purposes of this discussion, that despite the fact that plaintiff pled guilty to the charges against him and had a full and fair opportunity to raise his constitutional challenges to the search and seizure, he may still collaterally attack that search and seizure in the guise of an ineffective assistance claim.  Nevertheless, even crediting plaintiff's allegations as true, he cannot show that his trial counsel's conduct was constitutionally deficient or ran afoul of the requirements described in Strickland v. Washington, 466 U.S.

4

668, 687 (1984). To show ineffective assistance of counsel, plaintiff must demonstrate that his attorney's representation was constitutionally deficient and so prejudiced his defense that, but for counsel's deficient representation, there is a reasonable probability that the result would have been different. Id., at 594.

Even if plaintiff's counsel had introduced evidence of the sort described by plaintiff, the government still would have easily demonstrated that the road-side Terry stop and subsequent exposure of the U-Haul van to a drug dog were entirely appropriate and properly supported by an articulable suspicion that the U-Haul van contained contraband.[1] Plaintiff does not challenge this initial traffic stop, which was supported by probable cause: the driver of the U-Haul van committed a traffic violation. See Whren v. United States, 517 U.S. 806 (1996). The officers' exposure of that van to the drug dog (and the minimal intrusion upon the driver's personal security) was amply supported by the officers' justifiable suspicions. See United States v. Levesque, No. 94-120-01-M, slip op. at 13-15 (D.N.H. July 11, 1995) (discussing in detail the many factors supporting use of the drug dog). And, finally, notwithstanding plaintiff's assertions to the contrary, the drug dog plainly "alerted."

---

[1]    Again, the court has assumed, without deciding, that plaintiff actually has standing to challenge the road-side search and seizure of the U-Haul van and pickup truck (all of which took place in Kansas, while plaintiff was in New Hampshire).

Among other evidence which supports that conclusion is the fact that the video tape recording of the stop (taken from the dash-mounted video camera in one of the officer's cruisers) reveals that: (1) the drug dog became excited when exposed to the back of the vehicle; and (2) his handler confidently and without hesitation declared to the other officers that drugs were certainly present in the van. Additionally, the dog's handler credibly testified that based upon his years of experience and prior work with the dog, he had no doubt that the dog had in fact detected the odor of a sizeable quantity of marijuana, subsequently discovered in the van.

The testimony of a so-called drug dog expert, who would have been unfamiliar with the particular dog used in this incident, would have added little, if any, weight to plaintiff's assertion that the dog failed to alert. At a minimum, counsel's strategic decision not to call such an expert (which decision was shared by counsel for plaintiff's co-defendant, who also challenged the validity of the search and seizure) cannot be deemed to have been constitutionally deficient.[2] While it is conceivable that plaintiff's counsel might have adopted a different strategy at the suppression hearing and perhaps could have called different or additional witnesses, his failure to do so did not, as a

---

[2]   Parenthetically, the court notes that counsel for plaintiff as well as counsel for his co-defendant both explored the possibility of retaining a "drug dog expert," see Transcript of suppression hearing (July 7, 1995) at 52-53, but after inquiry into the matter decided to abandon that option.

matter of law, amount to constitutionally deficient representation of plaintiff.

III. Plaintiff's Status as a Career Offender.

Relying upon precedent from the Fifth Circuit, plaintiff claims that his prior convictions for conspiracy with intent to distribute controlled substances cannot act as "career offender" predicate felonies because those specific offenses are not listed in 28 U.S.C. § 994(h). See United States v. Bellazerius, 24 F.3d 698, 700-02 (5th Cir. 1994). The Court of Appeals for the First Circuit has, however, rejected the reasoning advanced by plaintiff (and adopted by the Bellazerius court), and aligned itself with the view espoused by the majority of the circuit courts of appeals. Among other things, the court concluded that "the legislative history makes plain that section 994(h) is 'not necessarily intended to be an exhaustive list of types of cases in which the guidelines should specify a substantial term of imprisonment, nor of types of cases in which terms at or close to authorized maxima should be specified.'" United States v. Piper, 35 F.3d 611, 618 (1st Cir. 1994). See also United States v. Kennedy, 32 F.3d 876 (4th Cir. 1994); United States v. Damerville, 27 F.3d 254 (7th Cir. 1994); United States v. Hightower, 25 F.3d 182 (3d Cir. 1994); United States v. Allen, 24 F.3d 1180 (10th Cir. 1994); United States v. Heim, 15 F.3d 830 (9th Cir. 1994). There being binding circuit precedent to the

7

contrary, plaintiff's challenge to the finding that he was a career offender is of course without legal merit.[3]

IV.  Calculation of Plaintiff's Sentence.

Plaintiff also argues that his criminal history category was improperly calculated, pursuant to U.S.S.G. § 4A1.1, because three convictions used in calculating his criminal history category were "related cases" and, therefore, plaintiff's sentences for those crimes should have been treated as a single conviction for purposes of § 4A1.1.  See U.S.S.G. § 4A1.2(a)(2) (defining "prior sentences"); Application Note 3 (defining "related cases").  He also asserts that his prior state court drug convictions were improperly considered in determining his federal sentence.

The sentencing issues raised by plaintiff were, however, fully and adequately litigated before this court in the context of calculating his sentence under the Sentencing Guidelines. Plaintiff has identified no new legal theories, recent and retroactive changes in pertinent law, or any other bases which might support the conclusion that his sentence was unjust or unlawful.  As noted in the addendum to plaintiff's presentence

---

[3]  Consistent with the First Circuit's view of the proper interpretation of the career offender sentencing guidelines, the Sentencing Commission amended the Background Commentary to § 4B1.1, effective November 1, 1995.  See U.S.S.G., Appendix C, amendment 528.  That amendment included drug conspiracies in the category of crimes which trigger classification as a career offender.

8

report at paragraph 10, each offense identified by plaintiff as "related" was separated by an intervening arrest and there was no order for consolidation at the time of trial or sentencing for any of the offenses. See U.S.S.G. § 4A1.2, Application Note 3 ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest."). See also Transcript of Sentencing Hearing (July 17, 1996), at 25-26 (noting that, at a minimum, plaintiff's convictions set forth at paragraphs 45 and 46 of the PSR are prior qualifying drug felonies which were separated by an intervening arrest).

Plaintiff's final argument – that his prior state court drug convictions cannot be used in the determination of whether he is a career offender – has been addressed and rejected by the Court of Appeals for the First Circuit. United States v. Beasley, 12 F.3d 280, 282-48 (1st Cir. 1993).

## Conclusion

Because plaintiff's motion and the files and records of the case conclusively show that plaintiff is entitled to no relief, his motion to vacate his sentence (document no. 1) is necessarily denied.

9

**SO ORDERED**

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Steven J. McAuliffe
United States District Judge

July 1, 1998

cc: Jonathan S. Levesque
    Paul M. Gagnon, Esq.