NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2578
_____

UNITED STATES OF AMERICA

v.

OLLIE OTIS REAVES,
                    Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-07-cr-00104-3)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2011

Before:  RENDELL, SMITH and ROTH, Circuit Judges.

(Opinion Filed: July 28, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

    Following a jury trial, Ollie Otis Reaves was convicted of Conspiracy to Distribute

in excess of 50 grams of cocaine base.  Based on his two prior felony drug convictions,

Reaves was sentenced by the District Court to life in prison pursuant to 21 U.S.C. § 841.

Reaves appeals his conviction and sentence. We have jurisdiction to review Reaves' appeal pursuant to 28 U.S.C. § 1291. We will affirm.

<u>Denial of Motion for Substitution of Counsel</u>

Reaves challenges the District Court's decision to deny his motion to appoint new counsel. We review such challenges under an abuse of discretion standard. *United States v. Goldberg,* 67 F.3d 1092, 1098 (3d Cir. 1995). In considering a request for new appointed counsel, "the district court must engage in at least some inquiry as to the reason for the defendant's dissatisfaction with his existing attorney." *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982). A defendant must show good cause for his request for new counsel. *Id*. "Good cause" is defined as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney." *Id*. at 188. Here, Reaves argues that the District Court abused its discretion because it failed to hold an *ex parte* hearing in order to thoroughly review the situation. However, in response to Reaves motion, the District Court did hold a hearing which resulted in a thorough discussion of each individual point which Reaves raised. During this hearing, Reaves failed to offer anything resembling good cause. The District Court thoroughly considered Reaves request. There is no legal requirement for an *ex parte* hearing, and Reaves interests were sufficiently protected by the process utilized by the District Court. Reeves failed to show good cause, and we find that the District Court did not abuse its discretion in denying his request.

2

## Insufficient Voir Dire

Reaves also contends that his conviction should be overturned because the District Court failed to adequately inquire into potential racial, law enforcement, and drug trafficking bias when conducting voir dire. As Reaves failed to object below, we will review his claim under a plain error standard.[1] *United States v. Urian*, 858 F.2d 124, 126 (3d Cir. 1988). The Supreme Court has stated that "federal judges have been accorded ample discretion in determining how best to conduct the voir dire." *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). Reaves attacks this discretion by arguing that voir dire was insufficient because there were no specific inquiries into racial, law enforcement, or drug trafficking bias. However, Reaves fails to point to anything legal or factual about his case which required these specific inquiries. We conclude that the District Court's voir dire did not amount to a miscarriage of justice, and therefore, we fail to see plain error.

## Ineffective Assistance of Counsel

Next, Reaves claims that his Counsel's failure to object to the District Court's voir dire violated Reaves' right to effective assistance of Counsel. We have held many times

---

[1] "[We] define plain error as "only 'particularly egregious errors' ... that 'seriously affect the fairness, integrity or public reputation of judicial proceedings' " and caution[] that "the plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *Urian*, 858 F.2d at 127 (citations omitted).

3

that direct appeal, generally[2], is not the appropriate forum for this type of challenge. Such claims are reserved for collateral proceedings pursuant to 28 U.S.C. § 2255, when the record for such claims may properly be developed. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003). Therefore, we will not address this issue.

21 U.S.C. § 851 Issue

Reaves challenges the District Court's imposition of a life sentence under 21 U.S.C. § 851 urging that the District Court failed to comply with the statutory prerequisites. Reaves failed to object to the alleged error at trial, and we will review this under a plain error standard. *United States v. Couch*, 291 F.3d 251, 252 (3d Cir. 2002). To reverse the District Court's determination under this standard, we must find that (1) an error was committed, (2) the error was plain and (3) the error affected the defendant's substantial rights. *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001). Additionally, if plain error exists, we will only grant this discretionary relief if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*.

Reaves claims that the District Court erred in imposing a life sentence pursuant to § 851 because the Court failed to conduct the colloquy required by the statute prior to sentencing , in which it would advise him of his right to challenge his prior convictions.[3]

---

[2] There is a very narrow exception to this rule where the existing record establishes actual ineffectiveness. *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). Here, the facts of record would not allow for an effective review.

[3] Inexplicably, Reaves also claims that the government failed to file an information in his case, required by §851, but then, he later goes on to discuss the information which

4

However, Reaves fails to identify any viable challenges that he would have pursued had he been given the opportunity. Accordingly, we cannot conclude that his substantial rights were affected. We fail to find plain error.

Sentence is Cruel and Unusual

Reaves' final challenge is that the life sentence he received pursuant to 21 U.S.C. § 851 amounts to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. We must examine three factors when considering proportionality challenges: (1) "the gravity of the offense and the harshness of the penalty"; (2) "the sentences imposed on other criminals in the same jurisdiction"; and (3) "the sentences imposed for commission of the same crime in other jurisdictions." *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006). We also "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *Id.* We have stated that it is exceedingly rare for a court to find a sentence to be cruel and unusual. *Id*. Also, it is up to defendant to show a gross imbalance between the crime and sentence. *Id.* Here, Reaves offers nothing more than a bald claim of gross imbalance. Reaves has multiple felony drug convictions in his past, and his conviction for being a leader of a significant drug trafficking operation evidences that he continues to refuse to comply with the law. And we are mindful of the deference we afford the legislature in establishing sentences for serious crimes. *Id.* Accordingly, we cannot conclude that Reaves' sentence is grossly disproportionate.

---

was filed just prior to his guilty plea in his brief. As his discussion of the information clearly indicates that he was on notice as required, we do not see a need to address this argument.

5

Accordingly, we will affirm.