NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2919
_____

UNITED STATES OF AMERICA

v.

OLLIE OTIS REAVES,
also known as Odie Reeves,
                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-07-cr-104-003)
District Judge:  Hon. Matthew W. Brann

_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2020

Before:  AMBRO, JORDAN, and SHWARTZ, *Circuit Judges.*

(Filed: May 11, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Ollie Reaves was found guilty of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, in 2008. He was sentenced to life in prison. In 2019, he was resentenced following the implementation of the First Step Act, which reduced prison time for many crack cocaine offenders. At resentencing, Reaves argued that he did not qualify for the career-offender enhancement because all but one of his prior convictions were for attempt crimes, and the enhancement only applies if he had two qualifying predicate convictions. Under the plain language of the sentencing guidelines, he argues, attempt crimes do not qualify as controlled substance offenses for the purposes of the career-offender enhancement. We agree, based on our recent en banc decision in *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020). We will therefore vacate Reaves's sentence and remand for resentencing.

## I.    BACKGROUND

The facts of Reaves's conviction are not pertinent to the issue on appeal, so we recite them here only briefly. Reaves led a drug distribution ring in the Harrisburg, Pennsylvania area. In 2007, the ring distributed more than one kilo of crack cocaine. Along with others from his distribution ring, Reaves was charged with conspiracy to distribute crack cocaine in excess of 50 grams. He was also charged with possession of a firearm in furtherance of drug trafficking.

Reaves pled not guilty, and after a jury trial, he was found guilty of conspiracy to distribute crack cocaine in excess of 50 grams. The government later moved to dismiss the firearm count. Based on the mandatory minimum sentence at the time, Reaves had a

2

base offense level of 43 and was sentenced to life in prison. He appealed his conviction, and we affirmed. *United States v. Reaves*, 440 F. App'x 140, 141 (3d Cir. 2011). He also filed motions for collateral relief under 28 U.S.C. § 2255, all of which were denied.

While Reaves was in prison, Congress passed two laws that, together, reduced the mandatory minimum for his sentence. The Fair Sentencing Act of 2010 reduced the mandatory minimum to ten years, and the First Step Act of 2018 made the Fair Sentencing Act retroactive. The government and Reaves agreed that a resentencing was called for, and the District Court held that Reaves was entitled to plenary resentencing because, at his previous sentencing, "his right to allocute before [the District Court] and the Court's review of the factors set for at 18 U.S.C. § 3553(a) were merely an academic exercise due to the mandatory minimum term of life imprisonment." Order at ECF No. 483, at 2, *United States v. Reaves*, No. 1:07-cr-104-003 (M.D. Pa. June 14, 2019) (footnote omitted).

At resentencing, Reaves argued that the career-offender enhancement should not apply to him because the offenses that served as qualifying predicates were attempt crimes. The government responded that the District Court was bound by our decision in *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994), which held that courts should defer to the definition of a "controlled substance offense" set forth in the commentary to the sentencing guidelines. Wisely, the District Court acknowledged the strength of Reaves's argument but determined that it was bound by *Hightower* and applied the career-offender enhancement. Reaves's new offense level was 36, making his

sentencing range 360 months to life.  The Court departed downward from those guidelines and imposed a sentence of 330 months.

Reaves timely appealed.

## II.    DISCUSSION[1]

The issue before us is a purely legal one: does the definition of "controlled substance offense" for the career-offender enhancement in the sentencing guidelines include inchoate crimes?  Our en banc Court answered that question in *Nasir*, concluding it does not.  982 F.3d at 160.

When the District Court applied the career-offender enhancement to Reaves, it was faithfully applying our precedent in *Hightower*, 25 F.3d at 187.  In that case, we held that the commentary to the sentencing guidelines that added inchoate crimes to the definition of controlled substance offense for purposes of the career-offender enhancement was binding.  *Id.* at 185-87.  We made that decision because we determined that "the commentary's expansion of the definition of a controlled substance offense to include inchoate offenses is not 'inconsistent with, or a plainly erroneous reading of' … the Sentencing Guidelines, and that it does not "violate[ ] the Constitution or a federal

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We have plenary review over legal questions, including the district court's legal interpretation of the guidelines.  *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018).

statute.'" *Id.* at 187 (second alteration in original) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

Then, in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), the Supreme Court clarified the standard we should use to determine whether to defer to an agency's interpretation of a regulation. That case put guardrails around the deference that should be given to agency interpretations. It emphasized that, before deciding that a regulation is ambiguous and thus open to interpretation, it must indeed be "genuinely ambiguous." *Id.* at 2414; *see also id.* ("And when we use that term, we mean it[.]"). Deference should not be "reflexive[,]" and should not be afforded until the court has "exhaust[ed] all the traditional tools of construction." *Id.* at 2415 (citation and quotation marks omitted).

In light of *Kisor*, we reevaluated our decision in *Hightower* and determined that the commentary to the guidelines is not, in fact, entitled to deference. *Nasir*, 982 F.3d at 156-60. The language of the guidelines themselves controls, and since they do not mention inchoate crimes at all, they cannot plausibly be read to include them. *Id.* at 159-160. That is the holding of *Nasir* and it controls our decision here.

Although the District Court faithfully applied the law at the time of resentencing, the law has changed. All but one of Reaves's prior controlled substances convictions are for attempting to distribute a controlled substance, and the guidelines require a career

offender to have at least two prior convictions that are non-inchoate crimes. Therefore, Reaves does not qualify for the career-offender enhancement.

### III.  CONCLUSION

For the foregoing reasons, we will vacate Reaves's sentence and remand for resentencing.