NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3059
_____

UNITED STATES OF AMERICA

v.

CRAIG FOOTE,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-18-cr-00320-001)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 6, 2024

Before: CHAGARES, *Chief Judge*, CHUNG, and FISHER, *Circuit Judges*.

(Filed: August 14, 2024)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

In June 2020, Craig Foote pleaded guilty to conspiring to distribute and possess

with intent to distribute an unspecified amount of cocaine base, as well as possession of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

firearms in furtherance of drug trafficking. Foote's Presentence Report indicated that he was a career offender based on the instant conspiracy charge as well as two prior felony controlled substance charges. As a result of his career offender designation, Foote was subject to a Sentencing Guidelines range of 262 to 327 months' imprisonment. During his November 19, 2020 sentencing hearing, Foote's trial counsel argued for a downward variance but did not object to Foote's designation as a career offender. The District Court imposed a below-Guidelines-range sentence of 238 months' (nearly twenty years') imprisonment. Twelve days after Foote's sentencing, this Court issued its first decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc), which overruled existing precedent and held that inchoate crimes such as conspiracy are not "controlled substance offenses" as relevant to career offender designation. Foote filed a motion to vacate his sentence alleging ineffective assistance of counsel, which the District Court denied. We will affirm.[1]

I.

At the time of Foote's sentencing, the United States Probation Office properly designated him as a career offender. Under the then-operative 2018 United States Sentencing Guidelines, a defendant was a career offender (and subject to an enhanced

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255 (federal habeas corpus). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts) and 28 U.S.C. § 2253(a) (review of final habeas orders). We review the District Court's legal conclusions de novo and factual findings for clear error. *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020).

Guidelines range) if the instant conviction was for a controlled substance offense and the defendant had been previously convicted of at least two controlled substance offenses.[2] Commentary to this guideline clarified that a "controlled substance offense" included conspiracy to commit that offense.[3]

But Foote argues that, notwithstanding the state of the law at sentencing, his trial counsel was ineffective in failing to object to that designation because: (1) courts around the country were developing a consensus that inchoate crimes were not proper predicates for a career offender designation; and (2) *Nasir*—a case concerning the same question— was pending before this Court sitting en banc. In light of the fact that "an opportunity for relief was pending before a higher court," Foote asserts that his "trial counsel had a duty to raise an issue . . . beneficial to [Foote]."[4] Like the District Court, we disagree.

We evaluate ineffective assistance of counsel claims under *Strickland v. Washington*'s familiar two-prong test.[5] First, a defendant must show that his counsel's representation "fell below an objective standard of reasonableness."[6] We judge the reasonableness of the challenged conduct on the facts of the specific case, viewed as of the time of the conduct.[7] *Strickland* instructs that we must "indulge a strong presumption

---

[2] U.S.S.G. § 4B1.1(a) (2018).
[3] *Id.* at § 4B1.2 n.1 (2018); *see also United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994) (holding this commentary to be binding).
[4] Foote Br. 4.
[5] 466 U.S. 668 (1984).
[6] *Id*. at 688–89.
[7] *Id*. at 690.

that counsel's conduct falls within the wide range of reasonable professional assistance."[8] Second, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[9] Only after a defendant meets his burden as to both prongs can counsel's conduct be deemed ineffective and relief be granted.[10]

Foote's claim fails under *Strickland*'s first prong.[11] It had been settled law in this Circuit for more than twenty-five years by the time of Foote's sentencing that courts should defer to the definition of a "controlled substance offense" set forth in Commentary to the Guidelines, which explicitly included inchoate offenses like conspiracy.[12] Foote recognizes this and correctly concedes that, at the time of his sentencing, "precedent, in this Circuit, foreclosed relief."[13] But Foote argues that his trial counsel's failure to object anyway was objectively unreasonable. Not so.

We acknowledge that, at the time of Foote's sentencing, a number of our sister circuits had reached the conclusion that we would ultimately adopt in *Nasir*: in light of the Supreme Court's decision in *Kisor v. Wilkie*,[14] deference to the relevant commentary

---

[8] *Id*. at 689.
[9] *Id*. at 694.
[10] *Id.* at 687.
[11] Because Foote is unable to satisfy *Strickland*'s first prong, we need not consider whether he has demonstrated prejudice under the second prong.
[12] *Hightower*, 25 F.3d at 187.
[13] Foote Br. 8.
[14] 588 U.S. 558 (2019).

is not appropriate and inchoate crimes are not properly included in the definition of "controlled substance offenses."[15] But *Nasir* represented an about-face on that issue, and our Court has consistently held that "there is no general duty on the part of defense counsel to anticipate changes in the law."[16] The same is true here.

At the time of Foote's sentencing, he had two prior felony controlled substance convictions and then-binding precedent held that the instant conspiracy offense was a proper predicate for career offender designation. The fact that the law changed after Foote's sentencing does not support a finding that trial counsel acted unreasonably when he did not object to the career offender designation. Had he made such an objection, it would have been rejected on the merits. Trial counsel's conduct was not inconsistent with his professional duty, nor did it violate Foote's constitutional rights. Foote's claim of ineffective assistance of counsel therefore fails, and he is not entitled to relief.

## II.

For these reasons, we will affirm.

---

[15] *Nasir*, 982 F.3d at 160.

[16] *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (internal quotation marks omitted); *see also United States v. Davies*, 394 F.3d 182, 191 (3d Cir. 2005); *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) ("Only in a rare case" can an attorney's failure to make an objection which would not succeed under existing law "be considered unreasonable").