57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Constancio Leonard BARQUERO, Defendant-Appellant.
 No. 94-30456.
 United States Court of Appeals, Ninth Circuit.
 June 8, 1995.
 
 Before BROWNING, REAVLEY* and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barquero challenges the modification of his supervised release conditions and the sentence imposed following the subsequent revocation of his supervised release. We AFFIRM.
 
 
 3
 * Barquero's primary claim is that he was entitled to consult with counsel before waiving his Rule 32.1(b) right to a hearing with the assistance of counsel.
 
 
 4
 Barquero first argues that he was entitled to counsel under the Sixth Amendment, because a proceeding to modify conditions of supervised release is a critical stage. The Sixth Amendment does not, however, apply to a modification proceeding. See Gagnon v. Scarpelli, 411 U.S. 778 (1973). Accordingly, Barquero's reliance on Faretta v. California, 422 U.S. 806 (1975), which concerns waiver of the Sixth Amendment right to counsel, is misplaced.
 
 
 5
 Barquero next contends that Fed.R.Crim.P. 32.1(b), which guarantees a "hearing with the assistance of counsel," includes the right to consult with counsel before executing a valid waiver of that right. Rule 32.1(b) does not so provide. The plain language of the rule indicates that the right to counsel is limited to the presence and assistance of counsel if he invokes his right to a hearing.
 
 
 6
 Barquero next claims that he is entitled to the protections of Rule 32, which governs sentencing generally, as well as those in Rule 32.1(b), which pertains only to modification proceedings. See United States v. Carper, 24 F.3d 1157 (9th Cir.1994) (reading Rules 32 and 32.1(b) together for purposes of determining whether a defendant at a probation revocation proceeding has the right of allocution guaranteed at sentencing). With respect to the right to counsel, however, Rule 32 is no broader than Rule 32.1(b).[1] Thus, even if we were to read Rule 32.1(b) in conjunction with Rule 32, we would necessarily reach the same result.
 
 
 7
 Finally, Barquero argues that the Criminal Justice Act (CJA) guarantees the right to counsel to indigent defendants "facing modification of a condition of supervised release." 18 U.S.C. Sec. 3006A. The CJA, however, does not purport to create or define the scope of the right to counsel, which in this case arises under Fed.R.Crim.P. 32.1(b).
 
 
 8
 In sum, we agree with the district court that Barquero could waive[2] his Rule 32.1(b) right without first consulting with counsel.[3]
 
 II
 
 9
 Barquero also claims that the district court erroneously rejected his request for a 60-day sentence because he mistakenly believed that the Revocation Table in Sec. 7B1.4 of the Sentencing Guidelines was binding. As we read the record, however, the district court was not "under the impression that it could not depart downward if it chose to do so." United States v. Heim, 15 F.3d 830, 833 (9th Cir.), cert. denied, 115 S.Ct. 55 (1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Specifically, Rule 32 provides that at "the sentencing hearing, the court must afford counsel for the defendant." Fed.R.Crim.P. 32(c)(1)
 
 
 [2]
 Barquero also suggests that the waiver he executed is invalid. Applying the totality of the circumstances test, however, we find Barquero's waiver of his Rule 32.1(b) hearing with the assistance of counsel to be knowing, voluntary, and intelligent. See Tague v. Louisiana, 444 U.S. 469, 470-71 (1980)
 
 
 [3]
 Barquero also suggests that a modification hearing might not be waivable because Rule 43 requires his presence at such a hearing. Even if Rule 43 applied to modification proceedings, a question we do not reach, nothing in that rule, nor any authority cited by Barquero, indicates that the hearing, and the right to be present at that hearing, may not be waived