108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Saul MUNOZ, Defendant-Appellant.
 No. 95-30314.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Saul Munoz appeals his sentence following his jury conviction for conspiracy to distribute cocaine (21 U.S.C. §§ 841(a)(1), 846), interstate travel in aid of racketeering (18 U.S.C. § 1952(a)(3) & (2)), and distribution of cocaine (21 U.S.C. § 841(a)(1)). Munoz contends that the district court: (1) erred by not adjusting his offense level downward for being a minimal or minor participant in criminal activity pursuant to U.S.S.G. § 3B1.2; and (2) abused its discretion by denying him a downward departure for aberrant behavior. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A defendant who acts as a drug courier may be entitled to a minimal role adjustment, but such an adjustment is not required. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995); see also U.S.S.G. § 3B1.2. "A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." See Davis, at 1436-37. "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." Id. "Moreover, this court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. "[W]e have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 4
 Here, Munoz possessed and transported 1,711.6 grams of cocaine, packaged the drugs with his co-conspirator, commented on the quality of the drugs to the detective, and participated in the transaction. Accordingly, the district court did not clearly err by determining that Munoz was neither a minimal nor a minor participant in the offense. See Davis, 36 F.3d at 1436-37; see also Lui (upholding denial of adjustment where defendant possessed a substantial amount of narcotics), 941 F.2d at 849; Flores-Payon, 942 F.2d at 561 (upholding denial of adjustment where defendant commented on quality of drugs and participated in transaction).
 
 
 5
 Munoz next contends that the district court erred by failing to grant him a downward departure for aberrant behavior. We review a district court's refusal to depart downward only if the court concluded that it did not have the discretion to depart as a matter of law. See United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995). Because there is no indication from the record that the district court believed it lacked the legal authority to depart, the district court's discretionary refusal is not reviewable on appeal. See United States v. Heim, 15 F.3d 830, 833 (9th Cir.), cert. denied, 115 S.Ct. 55 (1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3