119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose DIAZ-GARCIA, Defendant-Appellant.
 No. 97-50039.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Filed July 18, 1997.
 
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Diaz-Garcia appeals his sentence imposed after his guilty plea conviction to conspiracy to possess with the intent to distribute marijuana, and possession with intent to distribute approximately 915 pounds of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We affirm.
 
 
 3
 Diaz-Garcia contends that the district court erred by granting him a two-level minor role reduction under U.S.S.G. § 3B1.2(b) rather than a four-level reduction under U.S.S.G. § 3B1.2(a) for being a minimal participant. We review for clear error the district court's determination of a defendant's minor or minimal role in the offense. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). A defendant who acts as a drug courier may be entitled to a minimal role adjustment but such an adjustment is not required. See id. at 1436-37; see also U.S.S.G. § 3B1.2, comment. (n. 1). "[W]e have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). Here, the district court determined that Diaz-Garcia was not entitled to a minimal role reduction because of the substantial amount of marijuana involved in the transaction. Given that the amount involved was approximately 915 pounds of marijuana, the district court did not clearly err in granting Diaz-Garcia a two-level rather than a four-level downward adjustment for his role in the offense. See id.
 
 
 4
 Diaz-Garcia next contends that the district court erred by failing to grant him a downward departure for aberrant behavior. Absent some indication that the district court believed it lacked authority to depart, the district court's discretionary refusal to depart downward is not reviewable on appeal. See United States v. Heim, 15 F.3d 830, 833 (9th Cir.1994). In this case, the district court never indicated that it believed that it lacked discretion to depart downward for aberrant behavior. Accordingly, we lack jurisdiction to review the court's refusal to depart downward.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3